STATE FARM FIRE & CASUALTY COMPANY et al., Appellants,

v.

KUPANOFF IMPORTS, INC.; Fostoria Power
Equipment Company et al., Appellees.

[Cite as *State Farm Fire & Cas. Co. v. Kupanoff
Imports, Inc.* (1992), 83 Ohio App.3d 278.]

Court of Appeals of Ohio,
Seneca County.

No. 13–92–2.

Decided Oct. 20, 1992.

*Williams, Jilek, Lafferty & Gallagher Co., L.P.A.,* and *Drew R. Masse; Manahan, Pietrykowski, Bamman & Delaney* and *Ted B. Riley,* for appellants.

*Eastman & Smith* and *David F. Cooper,* for appellee Fostoria Power Equipment Company.

*Meyers, Hentemann, Schneider & Rea Co., L.P.A.,* and *Thomas L. Brunn,* for appellees Drew National Corporation and Fujitsu General, Ltd.

*Tomb & Hering* and *Brent T. Howard,* for appellee Doyle Distributing Company.

HADLEY, Presiding Judge.

Plaintiffs-appellants, State Farm Fire & Casualty Company, Lawrence Beckman, and Betty Beckman ("appellants"), appeal from a judgment in the Seneca County Court of Common Pleas which granted summary judgment to defendants-appellees, Fostoria Power Equipment Company ("FPE") and Doyle Distributing Company ("Doyle"). Such judgment also rendered moot Doyle's third- and fourth-party complaints for indemnification and contribution against third-party defendants-appellees, Fujitsu General, Ltd. ("Fujitsu") and Drew National Corporation ("Drew").

Appellants originally filed a complaint for damages sustained to the Beckmans' residence as a result of a fire in 1988. Their complaint sought damages from FPE, Handy Manufacturing Company, d.b.a. Western Manufacturing Corporation ("Handy"), Kupanoff Imports, Inc., d.b.a. Kupanoff & Associates, Inc. ("Kupanoff"), and a John Doe corporation. The basis of their product liability action was that the fire to their home was caused by a defective Heatmate model 700 kerosene heater. Service was never perfected on Kupanoff and Handy was voluntarily dismissed as a party in 1990.

In May 1990, FPE filed a third-party complaint seeking indemnification and contribution from Doyle, the distributor of the kerosene heater. Appellants

never amended their complaint to include Doyle as a party defendant. In September 1990, Doyle filed third-party and fourth-party complaints against Fujitsu and Drew, the manufacturer and importer, respectively, of the kerosene heater. Service on Fujitsu, a Japanese company, was perfected in accordance with the Hague Convention. Appellants never amended their complaint to include Fujitsu, the manufacturer, as a party defendant.

Motions for summary judgment were filed by Doyle and FPE against appellants based on R.C. 2307.78(A). The trial court found, as a matter of law, that FPE and Doyle were not negligent on the basis of R.C. 2307.78(A). The trial court also addressed appellants' argument that Doyle and FPE could be liable under additional provisions of R.C. Chapter 2307 if the manufacturer (Fujitsu) was not subject to judicial process in Ohio, pursuant to R.C. 2307.78(B). The trial court similarly rejected that argument, finding that it had personal jurisdiction over Fujitsu. Therefore, the trial court granted summary judgment for Doyle and FPE, and dismissed Doyle's third-party complaint against Fujitsu. It is from this judgment that appellants assert one assignment of error:

"The trial court erred in granting defendant Fostoria Power Equipment Company's motion for summary judgment."

Appellants argue that FPE and Doyle should not have been dismissed as they are still subject to possible liability under R.C. 2307.71 through 2307.77 because Fujitsu is not subject to judicial process in Ohio. This argument is based upon a reading of R.C. 2307.78, which states in relevant part:

"(A) Subject to division (B) of this section, a supplier is subject to liability for compensatory damages based on a product liability claim only if the claimant establishes, by a preponderance of the evidence, that either of the following applies:

"(1) The supplier in question was negligent and that negligence was a proximate cause of harm for which the claimant seeks to recover compensatory damages;

"(2) The product in question did not conform, when it left the control of the supplier in question, to a representation made by that supplier, and that representation and the failure to conform to it were a proximate cause of harm for which the claimant seeks to recover compensatory damages. * * *

"(B) A supplier of a product is subject to liability for compensatory damages based on a product liability claim under sections 2307.71 to 2307.77 of the Revised Code, as if it were the manufacturer of that product, if the manufacturer of that

product is or would be subject to liability for compensatory damages based on a product liability claim under sections 2307.71 to 2307.77 of the Revised Code and any of the following applies:

"(1) The manufacturer of that product is not subject to judicial process in this state[.]"

Thus, appellants hope to attach liability to Doyle and FPE by virtue of R.C. 2307.78(B)(1), since the trial court found as a matter of law, and appellants do not now dispute, that liability will not attach by virtue of R.C. 2307.78(A). R.C. 2307.78(B) permits a plaintiff to seek compensatory damages from a supplier[1] if the manufacturer is subject to liability under R.C. 2307.71 through 2307.77 and the manufacturer is not subject to "judicial process" in this state.

Therefore, the ultimate question is whether the manufacturer in the matter *sub judice,* Fujitsu, is subject to judicial process in this state. As we read this section and for purposes of this appeal only, "judicial process" refers to personal jurisdiction and whether the trial court herein had personal jurisdiction over Fujitsu.

Unlike subject matter jurisdiction, personal jurisdiction can be waived. Civ.R. 12(H). Civ.R. 12(B) requires that a defense of lack of personal jurisdiction must be presented either in the defendant's answer or by a motion prior to the filing of defendant's answer. *Franklin v. Franklin* (1981), 5 Ohio App.3d 74, 75–76, 5 OBR 186, 187–189, 449 N.E.2d 457, 458–460. Civ.R. 12(H) states that if the defense of lack of personal jurisdiction is not made in accordance with subsection (G)[2] or made by motion under Civ.R. 12 or in a responsive pleading or an amendment thereof pursuant to Civ.R. 15(A), such defense is waived.

Herein, Fujitsu neither raised lack of personal jurisdiction as a defense in its answer, in any motion prior to the filing of its answer, nor in an amendment to its original answer. Therefore, it waived the defense of personal jurisdiction by failing to timely raise such defense. By waiving the defense, Fujitsu impliedly consented to the personal jurisdiction of the court. Therefore, the manufacturer of the kerosene heater was subject to judicial process in the Seneca County Court of Common Pleas, Ohio, and R.C. 2307.78(B)(1) is inapplicable in the matter *sub judice.*

---

1. As defined in R.C. 2307.71(O), a supplier can be a seller or distributor but is not a manufacturer.

2. Civ.R. 12(G) requires that if a Civ.R. 12 motion is made by the defendant, all defenses and objections available to him must be presented in that one motion.

Appellants argue in their brief that R.C. 2307.78 was intended to give a remedy to persons injured by defective products. Further, if this court would affirm the trial court's grant of summary judgment to appellees, this would leave appellants without a remedy. However, our decision does not leave appellants without a remedy. Appellants failed to amend their complaint after receiving notice of Fujitsu's role in the matter (by virtue of Doyle's third-party complaint against Fujitsu, naming Fujitsu as the manufacturer of the kerosene heater). Civ.R. 15(D), in conjunction with Civ.R. 15(C) and Civ.R. 3(A), allows plaintiffs one year from the date of the filing of the original complaint to properly serve a previously unknown, now known, defendant. *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 537 N.E.2d 208. Appellants filed their original complaint on December 28, 1989, naming a John Doe corporation as a defendant. On September 13, 1990, Doyle (third-party defendant) named Fujitsu as the manufacturer of the kerosene heater in its third- and fourth-party complaints against Fujitsu and Drew, a copy of which was sent to appellants' attorneys. Appellants had until December 28, 1990, to amend their complaint to reflect Fujitsu as the John Doe corporation but failed to do so.

Thus, the trial court's decision, and our affirmance thereof, that Fujitsu was subject to the personal jurisdiction of the trial court, did not leave appellants without a remedy. Rather, appellants inflicted that problem upon themselves by failing to timely amend their complaint, thereby extinguishing the possibility of appellants seeking liability against the manufacturer.

For the above stated reasons, this assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and SHAW, JJ., concur.