Neerja JINDAL, O.D., Plaintiff,

v.

D.O.C. OPTICS CORPORATION, et al., Defendants.

No. 3:01 CV 7518.

United States District Court,
N.D. Ohio,
Western Division.

May 2, 2002.

John D. Franklin, Law Office of John D. Franklin, Toledo, OH, for Neerja Jindal, O.D., Plaintiff.

John T Landwehr, Margaret Mattimoe Sturgeon, Eastman & Smith, Toledo, OH, for D.O.C. Optics Corporation, Patrick Henry, c/o D.O.C. Eyeworld–Store # 178, Defendants.

ORDER

CARR, District Judge.

Plaintiff brings this action against D.O.C. Optics Corporation ("D.O.C.") and Dr. Patrick Wcislak based on a failed business relationship. Following discovery, defendants removed this action from the Lucas County Court of Common Pleas on the basis of diversity jurisdiction. Pending is plaintiff's opposition to removal—which this court will treat as a motion for remand. For the following reasons, plaintiff's motion is granted.

## BACKGROUND

In June, 2000, plaintiff, a doctor of optometry and an Ohio resident of Indian national origin, contacted D.O.C., a Delaware corporation with its principal place of business in Michigan, regarding available business opportunities in the Toledo, Ohio area. Later that month, plaintiff met with D.O.C.'s representative regarding potential opportunities in D.O.C.'s Franklin Park Mall location. Pursuant to Ohio law, doctors of optometry cannot be employed by general corporations, thus, plaintiff would not be employed by D.O.C. Instead, the parties agreed that plaintiff would lease the store from D.O.C. and be responsible for staffing the store with a doctor of optometry. Plaintiff would pay rent to D.O.C., employ other doctors, be responsible for payroll, and receive 100% of the fees as compensation. Following negotiations, plaintiff agreed to start at the Franklin Park location on July 3, 2000.

On July 3, 2000, plaintiff informed D.O.C. that she wanted to wait a week before entering into the lease. Plaintiff alleges that D.O.C. agreed, and that one week later, plaintiff informed D.O.C. of her intent to take the contract. Plaintiff, however, never signed the written agreement provided by D.O.C. On or about July 31, 2000, plaintiff learned that D.O.C. was giving the contract for the Franklin Park location to Dr. Wcislak, also an Ohio resident, rather than to plaintiff. Plaintiff alleges that, subsequent to Dr. Wcislak's taking of the Franklin Park contract, Dr. Wcislak refused to hire plaintiff and instead hired a less-qualified caucasian male.

Plaintiff alleges that she was discriminated against on the basis of her sex and national origin when she was denied the contract for the Franklin Park location by D.O.C. and when she subsequently was denied employment by Dr. Wcislak. Plaintiff also asserts that both defendants committed tortious interference with a business relationship, fraud, and intentional infliction of emotional distress. Against D.O.C., plaintiff further alleges breach of contract, breach of implied contract, detrimental reliance, and negligent misrepresentation.

Following discovery, D.O.C. removed this action from the Lucas County Court of Common Pleas pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction.

## STANDARD OF REVIEW

With a motion to remand, the issue generally is whether the case properly was removed in the first instance. *Ouellette v. The Christ Hosp.*, 942 F.Supp. 1160, 1162 (S.D.Ohio 1996). "The defendant that removes a case from state court bears the burden of establishing federal subject-matter jurisdiction." *Jerome–Duncan v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999) (citation omitted).

## DISCUSSION

This court has subject matter jurisdiction based on diversity of citizenship in cases between citizens of different states. 28 U.S.C. § 1332(a)(1). D.O.C. asserts that diversity exists in this case for two reasons. D.O.C. first contends that Dr. Wcislak was not timely served, thus leaving only plaintiff, an Ohio resident, and D.O.C., a Delaware corporation with its principal place of business in Michigan, as parties to the case. D.O.C. alternatively asserts that Dr. Wcislak was joined fraudulently in an attempt to destroy diversity. I disagree with both arguments.

### I. Failure of Service of Process

D.O.C. contends that service of process was not obtained properly on Dr. Wcislak. I agree with D.O.C. that service on Dr. Wcislak was not perfected. Nevertheless, I also agree with plaintiff that Dr.

Wcislak's voluntary appearance in this case subjects him to personal jurisdiction.

D.O.C. leased the Franklin Park Mall location to Dr. Patrick Wcislak. Plaintiff's complaint, however, names Patrick Henry as a defendant to this case, and service of process was obtained on Patrick Henry. Dr. Wcislak's business name is Patrick Henry, O.D., L.L.C., hence, Patrick Henry is a non-entity. Therefore, neither Dr. Wcislak nor Patrick Henry, O.D., L.L.C. were served.

Pursuant to Ohio R. Civ. P. 3(A), for a civil action to be commenced, service must be obtained within one year of the filing upon an incorrectly named defendant whose name is later corrected pursuant to Ohio R. Civ. P. 15. This has not occurred.

Courts, nevertheless, may obtain personal jurisdiction over defendants not only by service of process but also by "the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Voluntary submission waives affirmative defenses, including the failure to obtain personal jurisdiction. *Id.*

Plaintiff is correct that Dr. Wcislak effectively waived the affirmative defense of lack of personal jurisdiction.[1] Rule 12(B) of the Ohio Rules of Civil Procedure requires that the lack of personal jurisdiction defense be raised in the defendant's answer or in a prior motion. *State Farm Fire & Cas. v. Kupanoff*, 83 Ohio App.3d 278, 281, 614 N.E.2d 1072 (1992). Rule 12(H) of the Ohio Rules of Civil Procedure provides, "[I]f the defense of lack of personal jurisdiction is not made in accor-

dance with subsection (G) or made by motion under Civ. R. 12 or in a responsive pleading or an amendment thereof pursuant to Civ R. 15(A), such defense is waived." *Id.*

After Dr. Wcislak appeared in the state court proceedings, he did not assert lack of service in his answer or a pretrial motion. He participated actively in pretrial proceedings by filing witness lists and discovery responses. Everything Dr. Wcislak has done in this case manifests voluntary submission to the court's jurisdiction in this matter. He is an active party and diversity does not exist.

## II. Fraudulent Joinder

■ D.O.C. alternatively argues that plaintiff fraudulently joined Dr. Wcislak in this action and his presence should not be considered in determining the existence of diversity jurisdiction. I disagree.

" 'When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.' " *Jerome–Duncan*, 176 F.3d at 907 (citing *Batoff v. State Farm Ins. Co.* 977 F.2d 848, 851 (3d Cir.1992)). Fraudulent joinder is proven if it can be shown that plaintiff does not have at least a colorable claim against the non-diverse defendant. *Id.* The party seeking removal must provide sufficient evidence that a cause of action cannot be maintained against the non-diverse defendant under state law. *Id.* If a colorable claim is alleged against a non-diverse defendant, diversity jurisdiction does not exist. *See id.*

To prove fraudulent joinder, D.O.C., the party seeking removal, must provide sufficient evidence that plaintiff does not have

---

1. In its response to plaintiff's opposition to removal, D.O.C. made no attempt to respond to this argument.

at least a colorable claim against Dr. Wcislak. D.O.C. fails to provide such evidence with respect to the claims for fraud and national origin discrimination asserted against Dr. Wcislak.[2] As such, I find that plaintiff's complaint states colorable claims of fraud and national origin discrimination. D.O.C.'s evidence pertaining to plaintiff's other claims against Dr. Wcislak, which may or may not be colorable, does not, therefore, need to be addressed. Even if I were to find that these claims are not colorable, diversity jurisdiction would still not exist because of the presence of at least two colorable claims.

As the presence of a non-diverse defendant in this case prevents the exercise of diversity jurisdiction, D.O.C.'s attempted removal is unwarranted and remand is appropriate.

### CONCLUSION

It is therefore,

**ORDERED THAT**

Plaintiff's motion for remand be, and hereby is, granted.

**So ordered.**

---

**2.** D.O.C. does mention these claims in a footnote to its response to plaintiff's opposition to removal. (Doc. 12 at 8). However, the mere assertion that plaintiff represented to defense counsel that plaintiff is no longer pursuing the claims is not enough to satisfy defendant's burden of proving fraudulent joinder.