JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Enrique Pascal and All or Nothing Productions, Inc., appeal from a common pleas court order denying their motion to vacate a default judgment entered against them. In four assignments of error, they urge that (1) the court should have vacated the judgment because it was void, (2) the court abused its discretion by denying their motion to vacate, (3) the court erred by failing to dismiss the complaint for lack of personal jurisdiction, and (4) the court erred by failing to hold a hearing on their motion to vacate. We find neither error nor abuse of discretion in the common pleas court's decision. Therefore, we affirm.
Procedural History
 {¶ 2} Plaintiff-appellee Weiss, Inc., filed its complaint on February 22, 2002. The complaint alleged that Pascal and All or Nothing offered to promote Weiss's product lines at concerts by entertainer Lil Kim. Weiss provided advance funding to Pascal and All or Nothing, as well as two fur coats to be used in the promotion; according to the complaint, Pascal and All or Nothing were to remit all gate receipts from the promotional concerts and return the coats. The complaint alleged that Pascal fraudulently misrepresented his intent to remit the gate receipts. Alternatively, the complaint alleged Pascal and All or Nothing breached their contract with Weiss. Finally, the complaint claimed that Pascal converted Weiss's coats. The complaint sought compensatory and punitive damages, interest and attorney's fees.
 {¶ 3} Both defendants refused certified mail service. The docket reflects that ordinary mail service was effected as to defendant Pascal on March 18, 2002. Ordinary mail service was effected on All or Nothing through the Commonwealth of Virginia State Corporation Commission as statutory agent on July 1, 2002.
 {¶ 4} On August 29, 2002, Weiss moved the court for default judgment against both defendants. The motion prayed for judgment in the amount of $41,173.18 plus ten percent interest per annum from December 3, 2001, plus costs. The court scheduled Weiss's motion for hearing on September 26, 2002. The court ordered Weiss to bring a judgment entry, an affidavit signed by Weiss's attorney stating that service requirements were complied with according to statute and rules, and an affidavit proving damages. The court further ordered Weiss to notify all parties against whom default judgment was sought of the time and date of the default hearing by regular or certified mail at least fourteen days before the hearing date.
 {¶ 5} On October 2, 2002, the court entered default judgment for Weiss and against both Pascal and All or Nothing in the amount of $53,173.18 with interest at the rate of ten percent per annum, plus costs.
 {¶ 6} On December 10, 2002, Pascal and All or Nothing filed a combined motion to vacate the judgment, motion for relief from judgment, and motion to dismiss for lack of personal jurisdiction. The court denied these motions on February 3, 2003, "for all the reasons contained in plaintiff's brief in opposition."
Law and Analysis
 {¶ 7} Pascal and All or Nothing first contend that the default judgment was void because the common pleas court lacked personal jurisdiction over them. Therefore, they claim, the court had inherent power to vacate the judgment. We disagree. Lack of subject matter jurisdiction renders a judgment void. By contrast, lack of personal jurisdiction is a defense which is waived if it is not raised in the answer or in a motion before the answer is filed. See Civ.R. 12(H)(1). As a waivable defense, the alleged lack of personal jurisdiction was not a matter the court was required to raise on its own motion, and it did not render the judgment void. Therefore, we overrule the first assignment of error.
 {¶ 8} Second, Pascal and All or Nothing challenge the court's denial of their motion to vacate. On appeal from a trial court's decision on a Civ.R. 60(B) motion for relief from judgment, we must determine whether the trial court abused its discretion. State ex rel. Russo v.Deters (1997), 80 Ohio St.3d 152, 153. Abuse of discretion connotes conduct which is unreasonable, arbitrary or unconscionable. Id.
 {¶ 9} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 1 Ohio Op.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. The grounds which will justify relief include: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Civ.R. 60(B).
 {¶ 10} Pascal and All or Nothing failed to establish that they were entitled to relief from the judgment on any of the grounds stated in Civ.R. 60(B). They complain that they did not receive service of the motion for default judgment, the notice of the default hearing or Weiss's affidavit regarding damages. Having failed to enter an appearance in the action, however, appellants were not entitled to such notice. "Service is not required on parties in default for failure to appear." Civ.R. 5(A). Therefore, appellants were not entitled to service of the default motion. See Stearns v. Devecka, Tuscarawas App. No. 2001AP11 0102, 2002-Ohio-3839, ¶ 24. Although a party who has entered an appearance must be served with written notice of the application for judgment at least seven days before the hearing pursuant to Civ.R. 55(A), a party who has not made an appearance is not entitled to such notice. MattressDistributors, Inc. v. Cook, Cuyahoga App. No. 81794, 2003-Ohio-1361, ¶ 10. Thus, Pascal and All or Nothing had no right to notice of the default motion or the default hearing. Their alleged failure to receive such notice did not demonstrate "excusable neglect" or other grounds warranting relief from judgment.
 {¶ 11} Pascal and All or Nothing failed to establish any ground entitling them to relief pursuant to Civ.R. 60(B)(1) to (5), so the court properly denied their motion. Therefore, we overrule the second assignment of error.
 {¶ 12} Third, Pascal and All or Nothing urge that the court erred by failing to dismiss the complaint for lack of personal jurisdiction. Pascal and All or Nothing did not demonstrate grounds warranting relief from judgment which might have permitted them to reopen the case and assert this defense. Therefore, we overrule the third assignment of error.
 {¶ 13} Finally, Pascal and All or Nothing argue that the court erred by failing to hold a hearing on their Civ.R. 60(B) motion. The authorities they cite do not support this claim. These authorities hold that if a Civ.R. 60(B) motion "contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion." State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149,151. Concomitantly, however, if the motion does not allege operative facts which would warrant relief from judgment, no hearing is required. Id. at 152. As discussed above, Pascal and All or Nothing failed to demonstrate any grounds warranting relief pursuant to Civ.R. 60(B). Therefore, no hearing was required. The fourth assignment of error is also overruled.
Judgment affirmed.
Frank D. Celebrezze, R., P.J. and Diane Karpinski, J. Concur
*Sitting by assignment, Judge John T. Patton, retired, of the Eighth District Court of Appeals.