SNYDER COMPUTER SYSTEMS, INC., Appellant,

v.

STIVES, Appellee.

[Cite as *Snyder Computer Sys., Inc. v. Stives,* 175 Ohio App.3d 653, 2008-Ohio-1192.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 07–JE–19.

Decided March 12, 2008.

Pietragallo, Bosick & Gordon and Robert D'Anniballe Jr., for appellant.

Richard Stives, pro se.

---

GENE DONOFRIO, Judge.

{¶ 1} Plaintiff-appellant, Snyder Computer Systems, Inc., d.b.a. Wildfire Motors ("Wildfire"), appeals the Jefferson County Common Pleas Court decision dismissing its claims for theft, conversion, and defamation against defendant-appellee, Richard Stives, for lack of personal jurisdiction.

{¶ 2} Since this case was adjudicated below on a motion to dismiss, the only underlying facts that can be gleaned from the record are those alleged in Wildfire's complaint. Wildfire put a motorcycle up for auction on the internet auction website eBay. It came with a 90–day parts-only warranty and the conditions of its sale included that it was final, with no refunds and no return. On February 10, 2006, Stives, a Texas resident, purchased the motorcycle for $1,384.00 plus $220.00 for shipping and handling. Stives paid for the purchase of the motorcycle through a PayPal account.

{¶ 3} Two weeks after receiving the motorcycle, Stives allegedly reversed the charge on his PayPal account. Apparently, PayPal tried to replace the money Wildfire was owed, but Stives had cancelled the underlying credit card that

apparently funded the PayPal account. Since Wildfire did not receive payment and Stives allegedly retained the motorcycle, Wildfire sent Stives a statutory "DEMAND FOR PAYMENT FOR OFFENSE OF THEFT" pursuant to R.C. 2307.61.

{¶ 4} In attempting to resolve its dispute with Stives via email transmissions, Stives also allegedly transmitted and posted statements that Wildfire interpreted as defamatory.

{¶ 5} Apparently unsuccessful in its attempts to resolve the matter with Stives directly, Wildfire filed a complaint against Stives in Jefferson County Common Pleas Court on June 8, 2006, setting forth claims for theft, conversion, and defamation. Stives, proceeding pro se, filed an answer on July 10, 2006. Concerning the theft claim, Stives responded that Wildfire misrepresented the motorcycle and that it was damaged and in an unusable condition when he received it. He indicated that he was willing to return the motorcycle so long as Wildfire agreed to pay the return shipping, which it apparently refused to do. In response to Wildfire's claim of conversion, Stives suggested that PayPal and credit cards offer consumers protection when a seller misrepresents their product. Lastly, Stives essentially offered the defense of truth to Wildfire's claim of defamation.

{¶ 6} The trial court held a preliminary pretrial/scheduling conference on October 10, 2006, and ordered discovery and other pretrial matters. Wildfire served Stives with interrogatories and requests for admissions to which he apparently did not respond. On January 24, 2007, Wildfire filed a motion for summary judgment. Since Stives did not respond to Wildfire's interrogatories and requests for admissions, Wildfire maintained that those matters were deemed admitted and based its motion on those admissions accordingly. On April 9, 2007, Wildfire also filed a response in opposition to "defendant's" motion for change of venue, although no such motion appears in the record.

{¶ 7} On April 10, 2007, the trial court filed an order of dismissal other than on the merits under Civ.R. 41(B)(4). The trial court prefaced its order as follows: "[H]aving questioned that it has personal jurisdiction in this matter and having requested of the plaintiff to provide a memorandum of law in regards to the issue." This explains Wildfire's April 9, 2007 opposition motion. Noting that Stives is a Texas resident, the trial court proceeded to examine whether it had personal jurisdiction over him. The court analyzed the provisions of Ohio's long-arm statute, R.C. 2307.382, and whether exercising jurisdiction over Stives would comply with the due-process requirements of the Fourteenth Amendment to the United States Constitution. The court concluded that it lacked personal jurisdiction over Stives, reasoning that the transaction between Stives and Wildfire did

not constitute sufficient contacts with Ohio and noted the absence of an ongoing business relationship. This appeal followed.

{¶ 8} At the outset, it should be noted that Stives has failed to file a brief in this matter. Therefore, we may accept Wildfire's statement of the facts and issues as correct and reverse the judgment if Wildfire's brief reasonably appears to sustain such an action. App.R. 18(C).

{¶ 9} Wildfire raises two assignments of error. Wildfire's first assignment of error states:

{¶ 10} "The trial court erred in holding that the plaintiff does not have personal jurisdiction over Stives under Section 2307.382 of the Ohio Revised Code."

{¶ 11} Whether a trial court has personal jurisdiction over a defendant is a matter of law that appellate courts review de novo. *Baird Bros. Sawmill, Inc. v. Augusta Constr.* (June 19, 2000), 7th Dist. No. 98–CA–152, 2000 WL 817068. When determining whether a state court has personal jurisdiction over a nonresident defendant, the court is obligated to engage in a two-step analysis. First, the court must determine whether Ohio's long-arm statute, R.C. 2307.382, and the complementary civil rule, Civ.R. 4.3, confer personal jurisdiction, and, if so, whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 235, 638 N.E.2d 541, citing *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 183–184, 624 N.E.2d 1048.

{¶ 12} Wildfire argues that Ohio's long-arm statute applies to Stives and that exercise of personal jurisdiction over him would not deprive Stives of his right to due process of law. Wildfire relies primarily on *Cincinnati Art Galleries v. Fatzie* (1990), 70 Ohio App.3d 696, 591 N.E.2d 1336, and goes to some lengths to analogize it to this case. In *Cincinnati Art Galleries,* the gallery entered into a contract to buy a painting from the defendant. When the gallery received the painting, they discovered it was a print, not an original as they had contracted to purchase. The court held that the defendant, a non-Ohio resident, acted purposefully and that he could reasonably foresee that his action of entering into the transaction with the gallery would have consequences in Ohio; therefore, the exercise of jurisdiction by the Ohio courts was reasonable.

{¶ 13} In this case, the trial court undertook the proper two-step analysis set out in *Goldstein* in determining whether it had personal jurisdiction. However, one very important point that the trial court and Wildfire both overlooked was that Stives voluntarily assented to the jurisdiction of the trial court when he filed his July 10, 2006 answer.

{¶ 14} Lack of subject-matter jurisdiction renders a judgment void. *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 10. Contrary to subject-matter jurisdiction, personal jurisdiction can be waived. Civ.R. 12(H). See also *State Farm Fire & Cas. Co. v. Kupanoff Imports, Inc.* (1992), 83 Ohio App.3d 278, 281, 614 N.E.2d 1072. Personal jurisdiction may be acquired either by service of process upon the defendant or the voluntary appearance and submission of the defendant to the jurisdiction of the court. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156, 11 OBR 471, 464 N.E.2d 538.

{¶ 15} More specifically, "Civ.R. 12(B) requires that a defense of lack of personal jurisdiction must be presented either in the defendant's answer or by a motion prior to the filing of defendant's answer. *Franklin v. Franklin* (1981), 5 Ohio App.3d 74, 75–76, 5 OBR 186, 187–189, 449 N.E.2d 457, 458–460. Civ.R. 12(H) states that if the defense of lack of personal jurisdiction is not made in accordance with subsection (G) or made by motion under Civ.R. 12 or in a responsive pleading or an amendment thereof pursuant to Civ.R. 15(A), such defense is waived." (Footnote omitted.) *State Farm Fire & Cas. Co.*, 83 Ohio App.3d at 281, 614 N.E.2d 1072. In other words, if a defendant files an answer without raising the defense of personal jurisdiction, then he or she has waived personal jurisdiction and voluntarily assented to the jurisdiction of the court.

{¶ 16} Here, at no time before Stives filed his answer on July 10, 2006, did he raise the defense of lack of personal jurisdiction. In his answer, he set forth specific denials and defenses to each of Wildfire's three claims. However, he did *not* raise the defense of lack of personal jurisdiction. Therefore, he waived that defense and voluntarily submitted himself to the jurisdiction of the trial court. As a waivable defense, the trial court was not required to raise it on its own motion and any judgment it would have rendered on the merits would not have been void on that basis. *Weiss, Inc. v. Pascal*, 8th Dist. No. 82565, 2003-Ohio-5824, 2003 WL 22456728, at ¶ 7. Indeed, once Stives waived personal jurisdiction, it was procedurally incorrect for the trial court to raise it on its own motion.

{¶ 17} Accordingly, for reasons other than those advanced by Wildfire and explained above, its first assignment of error has merit.

{¶ 18} Wildfire's second assignment of error states:

{¶ 19} "The trial court erred in holding that Mr. Stives' contacts with the state of Ohio do not satisfy constitutional due-process requirements concerning personal jurisdiction under the Fourteenth Amendment to the United States Constitution."

{¶ 20} Wildfire's second assignment of error is rendered moot by our disposition of its first assignment of error and need not be addressed. App.R. 12(A)(1)(c).

{¶ 21} The judgment of the trial court is hereby reversed, and the matter is remanded for further proceedings according to law and consistent with this court's opinion.

Judgment reversed
and cause remanded.

DeGenaro, P.J., and Waite, J., concur.