OPINION
{¶ 1} Plaintiff-appellant, National City Commercial Capital Corporation ("National City") dba and fka Information Leasing Corporation, appeals the decision of the Butler County Court of Common Pleas granting a motion to dismiss its complaint for lack of personal jurisdiction.
 {¶ 2} Defendant-appellee, Earl Page dba Advance Screen Printing, entered into a *Page 2 
lease agreement for telecommunication equipment with NorVergence, Inc. NorVergence assigned its interest in payments on the lease to Information Leasing Corporation, now National City, and eventually sought bankruptcy protection.
 {¶ 3} National City filed a complaint against appellee in Butler County, seeking payments owed under the contract assigned to it. National City averred that the trial court had personal jurisdiction over appellee, whose business office was in Texas, through a forum-selection clause in the lease agreement. Appellee filed an answer that included the defense of lack of personal jurisdiction and attached a counterclaim for declaratory judgment to his answer. Appellee subsequently filed a motion to dismiss the complaint, alleging the trial court lacked personal jurisdiction.
 {¶ 4} The trial court granted appellee's motion to dismiss, and appellee voluntarily dismissed his counterclaim. National City appealed the decision and this case was originally consolidated under Case No. CA2005-09-380. National City presents four assignments of error. We will combine the first two assignments of error for our discussion.
 {¶ 5} First, we observe that National City had the burden upon appellee's motion to establish the court's jurisdiction. See Giachettiv. Holmes (1984), 14 Ohio App.3d 306, 307. Where the trial court did not hold an evidentiary hearing, it was required to view allegations in the pleadings and documentary evidence in a light most favorable to National City, resolving all reasonable competing inferences in its favor. SeeGoldstein v. Christiansen, 70 Ohio St.3d 232, 236, 1994-Ohio-229. In the absence of a hearing, National City had only to make a prima facie case to demonstrate jurisdiction in order to defeat a motion to dismiss.Interior Servs., Inc. v. Iverson, Hamilton App. No. C-020501, 2003-Ohio-1187, ¶ 7. We review the trial court's ruling granting a motion to dismiss for lack of personal jurisdiction pursuant to a de novo standard of review. McIntyre v. Rice, Cuyahoga App. No. 81339, 2003-Ohio-3490.
 {¶ 6} National argues under its first two assignments of error that the trial court erred *Page 3 
in dismissing the case for lack of personal jurisdiction because the forum-selection clause in the agreement did not violate Ohio law per se and was enforceable as it was not the product of fraud or overreaching, nor unjust or unreasonable.
 {¶ 7} The clause at issue in the agreement before the court herein states: "*** This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. * * *."
 {¶ 8} After the trial court issued its decision and entry in this case, the Ohio Supreme Court released its decision in Preferred Capital,Inc. v. Power Engineering Group, Inc., 112 Ohio St.3d 429,2007-Ohio-257. The Preferred Capital case dealt with the issue of personal jurisdiction for cases in which assignees of NorVergence leases filed suit against businesses based on leases with similar, if not the same, floating forum-selection clause.
 {¶ 9} This court provided an extensive discussion of the issues related to the forum-selection clause at issue and the PreferredCapital case in National City Comm. Capital Corp. v. All AboutLimousines Corp., et al, Butler App. No. CA2005-08-226, 2009-Ohio___. National City's two assignments of error in that case are the same as the first and second assignments of error in the case at bar.
 {¶ 10} Accordingly, our ruling on the first and second assignments of error in the instant case is based on our decision in All AboutLimousines and we incorporate by reference our discussion and analysis in that case. In accordance with All About Limousines, the first two assignments of error are sustained only to the extent that we find the trial court erred in granting appellee's motion to dismiss for lack of personal jurisdiction related to the *Page 4 
unreasonableness of the forum-selection clause and the finding that it was against public policy without exploring the "superior knowledge," if any, on the assignment of the lease payments.
 {¶ 11} We reverse the trial court's determination on the issue of personal jurisdiction and remand this matter to the trial court to consider these issues in accordance with the decision of the Ohio Supreme Court in Preferred Capital, and, as applicable, our remand fromAll About Limousines.
 {¶ 12} National City argues under its third assignment of error that the trial court erred in dismissing the complaint for lack of personal jurisdiction because appellee submitted to the jurisdiction of the court by filing a counterclaim.
 {¶ 13} Personal jurisdiction may only be acquired by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by an appearance that waives certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure. Abuhilwa v. O'Brien, Montgomery App. No. 21603, 2007-Ohio-4328, ¶ 14, citing Maryhew v.Yova (1984), 11 Ohio St.3d 154; see Civ. R. 12.
 {¶ 14} Civ. R. 12(B) requires that a defense of lack of personal jurisdiction must be presented either in the defendant's answer or by a motion prior to the filing of defendant's answer. Snyder Computer Sys.,Inc. v. Stives, 175 Ohio App.3d 653, 2008-Ohio-1192, ¶ 15. If a defendant files an answer without raising the defense of personal jurisdiction, then he or she has waived personal jurisdiction and voluntarily assented to the jurisdiction of the court. Id.; see Civ. R. 12 (Civ. R. 12[B] requires that a defense of lack of personal jurisdiction be presented either in the defendant's answer or by a motion prior to the filing of defendant's answer, and if the defense of lack of personal jurisdiction is not made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15[A], *Page 5 
such defense is waived).
 {¶ 15} National City refers this court to Clow Water Sys. Co. v.Guiliani (Aug. 19, 1999), Coshocton App. No. 99-CA-008, for its argument that appellee waived the defense of lack of personal jurisdiction by filing a counterclaim and actively litigating the suit, even where the defense was properly included in appellee's answer. In Clow, the Fifth Appellate District held that the defense of lack of personal jurisdiction was waived after appellee in that case first filed a motion to dismiss for lack of personal jurisdiction, but after appellant filed an amended complaint, appellee answered without asserting the defense and included a counterclaim for breach of contract. See, also, Goetz v.First Benefits Agency, Inc. (Oct. 15, 1997), Summit App. No. 18381 (while party raised defense of personal jurisdiction in its answer, it then waived such defense when it consented to the judgment of the Michigan court; entering into a consent judgment constitutes utilization of the "machinery of the court in some affirmative way" to resolve the dispute).
 {¶ 16} According to the record in the case at bar, appellee filed an answer asserting as one of his affirmative defenses the lack of personal jurisdiction. Appellee also attached a counterclaim for declaratory judgment. The counterclaim asked for a declaration that the lease agreement was void and unenforceable. National City filed an answer to the counterclaim and moved to strike appellee's jury demand. The trial court filed an entry staying discovery and setting a deadline for the filing of motions to dismiss. Appellee next filed a motion to dismiss based upon personal jurisdiction and venue.
 {¶ 17} We find that appellee properly preserved the defense of lack of personal jurisdiction by asserting the defense in his answer in accordance with Civ. R. 12. While the filing of a counterclaim provides an additional consideration in this case, the nature of the counterclaim makes the filing of such less problematic. We find that appellee did not actively litigate this matter, and did not delay in reasserting the defense with his motion to dismiss. *Page 6 
 {¶ 18} As a result, the trial court did not err in its decision on personal jurisdiction in reference to whether appellee submitted to the jurisdiction of the trial court by filing a counterclaim. National City's third assignment of error is overruled.
 {¶ 19} National City argues under its fourth assignment of error that the trial court erred in dismissing the action for lack of personal jurisdiction when appellee transacted business in Ohio by mailing one or more payments to National City at its office in Ohio.
 {¶ 20} This assignment of error and the arguments contained therein are the same as the third assignment of error in National City Comm.Capital Corp. v. All About Limousines Corp,. et al, Butler App. No. CA2005-08-226, 2009-Ohio___.
 {¶ 21} After reviewing the applicable record, we overrule National City's fourth assignment of error based on our analysis and resolution of the third assignment of error in All About Limousines.
 {¶ 22} Accordingly, the judgment of the trial court is affirmed in part, and reversed in part, and remanded for further proceedings in accordance with the law and the decision of this court.
BRESSLER and YOUNG, JJ., concur. *Page 1