[Cite as *Keeley v. Stoops*, 2014-Ohio-4161.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DAVID KEELEY, | ) | |
| | ) | CASE NO. 13 BE 23 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| GEOFFREY STOOPS, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from Common Pleas
                                 Court, Case No. 12 CV 481.

JUDGMENT:                        Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellant:         David Keeley, Pro-se
                                 #647-623
                                 Belmont Correctional Institution
                                 P.O. Box 540
                                 St. Clairsville, OH  43950-0540


For Defendant-Appellee:          Geoffrey Stoops, Pro-se
                                 #A610233
                                 Correctional Reception Center
                                 P.O. Box 300
                                 Orient, OH  43146
                                 No Brief Filed



JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


                                 Dated:  September 19, 2014

DeGenaro, P.J.

**{¶1}** Pro-se Plaintiff-Appellant, David Keeley, appeals the August 13, 2013 judgment of the Belmont County Court of Common Pleas dismissing his case for lack of jurisdiction. For the reasoning discussed below Keeley's arguments are meritorious and the judgment of the trial court is reversed and remanded.

**{¶2}** The present case involves two inmates who were previously housed together in the Belmont Correctional Institution. On October 29, 2012, Keeley, pro-se, filed a complaint against Stoops for personal injuries incurred as a result of an alleged assault and demanded judgment against Stoops for $500,000 in compensatory damages, $100,000 in punitive damages, attorney's fees and costs. He requested a jury trial and served Stoops at the BCI facility. Having received no responsive pleading, Keeley filed a motion for default judgment, which was granted on January 18, 2013.

**{¶3}** On January 31, 2013, Stoops filed a pro-se affidavit of indigency, and on February 4, 2014 a "petition for relief after judgment" alleging he was attacked by Keeley. The trial court held that this constituted a pro-se answer and set aside the default judgment.

**{¶4}** On March 11, 2013, Keeley filed a motion for summary judgment alleging the answer was not proper and attached an affidavit of a fellow inmate who stated he witnessed the events and Stoops was the primary aggressor. This motion was served on Stoops at his new address at Ross Correctional Institution. On April 18, 2013, Keeley filed a document captioned "notice of noncompliance to Civ.R.5, Civ.R.6, Civ.R.8(D), Civ.R.12, Civ.R.55, & Civ.R.56."

**{¶5}** No further pleadings were filed. On August 13, 2013, the trial court filed a docket entry comprised of one sentence, "Case ended; the Court lacking jurisdiction in this matter."

**{¶6}** In his two assignments of error, Keeley asserts:

**{¶7}** "Did the trial court abuse its discretion when it closed the case for "lacking jurisdiction" against Civ.R.3.(B)."

**{¶8}** "Did the trial court mistakenly claim lack of jurisdiction when a motion for summary judgment was pending against Civ.R.56."

{¶9} Resolving Keeley's assignments of error requires us to consider jurisdiction, venue and the relevant statute of limitations as the trial court gave no reason for dismissing the case for a lack of jurisdiction. "[P]urely legal issues, and the trial court's application of the law to the facts, are subject to de novo review." *State v. Moore*, 161 Ohio App.3d 778, 2005-Ohio-3311, 832 N.E.2d 85, ¶36 (7th Dist.); *Baird Bros. Sawmill, Inc. v. Augusta Const.*, 7th Dist. No. 98-CA-152, 2000 WL 817068, *2 (June 19, 2000). *Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.*, 188 Ohio App.3d 27, 2010-Ohio-1537, 934 N.E.2d 366, ¶10 (7th Dist.).

{¶10} Subject-matter jurisdiction is defined as a court's power to hear and decide cases. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶11. Subject matter jurisdiction may not be conferred upon the court by agreement of the parties, may not be waived, and is the basis for mandatory sua sponte dismissal. *Fox v. Eaton Corp.*, 48 Ohio St.2d 236, 238, 358 N.E.2d 536 (1976). The common pleas court has original jurisdiction over "all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." R.C. 2305.01. The monetary limit of a county court's jurisdiction is fifteen thousand dollars. R.C. 1907.03 (A).

{¶11} "Personal jurisdiction may be acquired either by service of process upon the defendant or the voluntary appearance and submission of the defendant to the jurisdiction of the court." *Snyder Computer Sys., Inc. v. Stives*, 175 Ohio App.3d 653, 2008-Ohio-1192, 888 N.E.2d 1117, ¶14 (7th.Dist) citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). However, "the defenses of lack of personal jurisdiction and improper venue may be waived." *State ex. rel. Lawrence Development Co. v. Weir*, 11 Ohio App.3d 96, 463 N.E.2d 398, ¶10 (10th Dist.). "If a defendant files an answer without raising the defense of personal jurisdiction, then he or she has waived personal jurisdiction and voluntarily assented to the jurisdiction of the court." *Snyder* at ¶15.

{¶12} Where a particular court has both subject-matter and personal jurisdiction, the Ohio Supreme Court has colloquially described this as having jurisdiction; in other

words, jurisdiction over the particular case, which permits a trial court to determine a specific case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶12. "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.' " *State ex rel. Pizza v. Rayford*, 62 Ohio St.3d 382, 384, 582 N.E.2d 992 (1992) quoting *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 499 (1854).

{¶13} Turning to the remaining issues, venue, which is a component of in personam jurisdiction, is proper in the "county in which the defendant conducted activity that gave rise to the claim for relief." Civ.R. 3(B). Lastly, the statute of limitations for assault and battery is one year. R.C. 2305.111(B).

{¶14} The record demonstrates that the original jurisdiction of the Belmont County Court of Common Pleas was invoked. Keeley filed a personal injury suit alleging over $15,000.00 in damages, which is within the common pleas court's subject matter jurisdiction. Stoops waived any claim regarding personal jurisdiction due to his filings on January 31, 2013 and February 4, 2013, which the trial court construed as a pro-se answer. Venue is proper as this suit was filed in Belmont County where the altercation allegedly took place. Finally, there is no statute of limitations issue as Keeley's suit was commenced well within one year from the date of altercation.

{¶15} Accordingly, Keeley's arguments regarding jurisdiction are meritorious and the judgment of the trial court is reversed and this cause is remanded for further proceedings.

Donofrio, J., concurs.

Vukovich, J., concurs.