[Cite as *Fifth Third Bank v. Bolera*, 2017-Ohio-9091.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| FIFTH THIRD BANK, | : | |
| | | CASE NO. CA2017-03-039 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 12/18/2017 |
| - vs - | : | |
| | : | |
| THOMAS BOLERA, | : | |
| Defendant-Appellant. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2016-02-0366


Graydon Head & Ritchey LLP, Kara A. Czanik, 7759 University Drive, Suite A, West Chester, Ohio 45069, for plaintiff-appellee

Megan J. Urban, 11405 Park Road, Suite 200, P.O. Box 23200, Louisville, Kentucky 40223, for plaintiff-appellee

Thomas G. Eagle Co., L.P.A., Thomas G. Eagle, 3400 North State Route 741, Lebanon, Ohio 45036, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Appellant, Thomas Bolera, appeals from the decision of the Butler County Court of Common Pleas denying his motions to dismiss and, for summary judgment, and also granting summary judgment to appellee, Fifth Third Bank. For the reasons outlined below, we affirm.

{¶ 2} On February 8, 2016, Fifth Third Bank filed a complaint against Bolera to collect a debt arising from a delinquent Equity Flexline Credit Agreement, Security Agreement, for the account ending in #9105 that had an outstanding principal balance of $98,938.55 plus interest and fees. Fifth Third Bank purchased this debt when it merged its northern Kentucky operations with its Ohio-based parent company, thus giving Fifth Third Bank the right to enforce the note against Bolera. The agreement was signed on June 22, 2007 and specifically stated that it would be governed by the laws of the state of Kentucky. There is no dispute that Bolera last paid on the note on December 1, 2009.

{¶ 3} On February 16, 2016, the complaint was delivered by certified mail to Bolera at 7641 Legendary Lane, West Chester, Butler County, Ohio where it was accepted and signed for by Bolera's purportedly estranged wife.

{¶ 4} Approximately one month later, on March 10, 2016, Bolera, appearing pro se, filed a motion for a more definite statement, which the trial court denied in a decision issued on March 29, 2016. As part of his motion for a more definite statement, it is undisputed that Bolera listed his address as 7641 Legendary Lane, West Chester, Butler County, Ohio.

{¶ 5} On April 13, 2016, Bolera, still appearing pro se, filed an answer to Fifth Third Bank's complaint, again listing his address as 7641 Legendary Lane, West Chester, Butler County, Ohio. As part of this answer, Bolera did not include any claim challenging service of process, nor did he raise as an affirmative defense a claim of improper venue.

{¶ 6} Rather, in addition to making a general denial to Fifth Third Bank's claims, Bolera alleged two counterclaims against Fifth Third Bank, seeking damages in excess of $50,000. Specifically, Bolera alleged Fifth Third Bank had committed a breach of contract and had further violated the Fair Credit Reporting Act by violating a forbearance agreement entered into between the parties, wherein Fifth Third Bank agreed not to report to the credit bureau "several loans unrelated to the present loan" as being delinquent. The record

indicates these "unrelated" loans were mortgages on homes Bolera owned in Oregon and Florida.

{¶ 7} On April 28, 2016, Fifth Third Bank moved to dismiss Bolera's two counterclaims against it. In support of its motion, Fifth Third Bank argued Bolera had failed to state a claim upon which relief could be granted in accordance with Civ.R. 12(B)(6). On May 13, 2016, Bolera filed a pro se response alleging his two counterclaims should be allowed to proceed since each claim consisted of a short and plain statement containing the necessary operative facts demonstrating he was entitled to relief. As part of this filing, it is undisputed that Bolera once again listed his address as 7641 Legendary Lane, West Chester, Butler County, Ohio.

{¶ 8} On June 23, 2016, the trial court entered a decision dismissing Bolera's claim alleging Fifth Third Bank had violated the Fair Credit Reporting Act, but did not dismiss Bolera's claim alleging a breach of contract resulting from an alleged breach of the forbearance agreement regarding the mortgages on his Oregon and Florida properties. In so holding, the trial court determined that Bolera fulfilled his notice pleading requirements by alleging Fifth Third Bank breached a contract "by simply reporting the delinquencies, not that the report was inaccurate or incomplete, and he sustained injury as a result of that breach * * *." The trial court then correctly noted that pursuant to Civ.R. 12(B)(6), "[a]s long as there is a set of facts consistent with the claim that would allow recovery, a motion to dismiss may not be granted."

{¶ 9} On July 28, 2016, new counsel filed a notice of appearance indicating he had been retained to represent Bolera in this matter. Shortly thereafter, on August 31, 2016, Bolera, now represented by counsel, moved for leave to amend his answer and counterclaims to include additional claims alleging unjust enrichment, common law accounting, and breach of the covenant of good faith and fair dealing. Bolera's motion also

included a request to add PT Centers of Florida, Inc. ("PT Centers"), owned by Bolera's estranged wife, as a third-party plaintiff to the case. There being no response by Fifth Third Bank to Bolera's motion, the trial court granted Bolera's motion on September 26, 2016.

{¶ 10} On September 29, 2016, Fifth Third Bank moved for summary judgment. That same day, Bolera also filed a motion for summary judgment, as well as another motion to dismiss Fifth Third Bank's complaint against him. As part of these motions, Bolera requested the trial court to either (1) grant "him" summary judgment; or, (2) dismiss Fifth Third Bank's complaint against "him." Neither request made any reference to PT Centers.

{¶ 11} On March 2, 2017, after numerous additional filings in support of the parties' respective positions, the trial court issued a decision denying Bolera's motion for summary judgment and motion to dismiss; instead granting summary judgment to Fifth Third Bank. In so holding, although Bolera attempted to unnecessarily confuse matters, the trial court determined that this case was nothing more than "an action to collect a debt arising from a delinquent equity line of credit" from which Fifth Third Bank was entitled to judgment as the holder of the note. Not surprisingly, because counsel never made an appearance on PT Centers' behalf before the trial court, nor did PT Centers ever file any pleadings with the trial court in this case, the trial court's decision did not reference any issues alleged to involve PT Centers as a third-party plaintiff.

{¶ 12} Bolera now appeals from the trial court's decision, raising three assignments of error for review. For ease of discussion, Bolera's second and third assignments of error will be reviewed together. However, before addressing Bolera's claims, we explicitly note that although PT Centers was added as a third-party plaintiff to this case, PT Centers is not a proper party to this appeal. Again, as the record reveals, counsel never made an appearance on PT Centers' behalf before the trial court, nor did PT Centers ever file any pleadings with the trial court in this case. Rather, after a thorough review of the record, any

issues involving PT Centers were only briefly mentioned as part of Bolera's amended answer and amended counterclaims filed with the trial court. Under these circumstances, we decline to address any issues Bolera may have raised in regards to matters involving PT Centers. In so holding, we note that any potential claims were resolved by the necessary courts in Florida, thereby also barring Bolera's claims under the doctrine of res judicata. This appeal, therefore, addresses matters relating only to Fifth Third Bank's claims against Bolera in his individual capacity as a party to the Equity Flexline Credit Agreement, Security Agreement, for the disputed account ending in #9105.

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE TRIAL COURT ERRED IN DENYING BOLERA'S MOTION TO DISMISS.

{¶ 15} In his first assignment of error, Bolera initially argues the trial court erred by denying his motion to dismiss based on lack of service of process. "Proper service of process is a prerequisite for personal jurisdiction." *Williams v. Gray Guy Grp., L.L.C.*, 10th Dist. Franklin No. 16AP-321, 2016-Ohio-8499, ¶ 18. "By entering an appearance, a party waives his right to contest personal jurisdiction." *Mico Ins. Co. v. Orlando*, 5th Dist. Guernsey No 15 CA 15, 2016-Ohio-193, ¶ 20. In turn, "[i]f a defendant files an answer without raising the defense of personal jurisdiction, then he or she has waived personal jurisdiction and voluntarily assented to the jurisdiction of the court." *Snyder Computer Sys., Inc. v. Stives*, 175 Ohio App.3d 653, 2008-Ohio-1192, ¶15 (7th Dist.).

{¶ 16} That is exactly what occurred here, thereby rendering the issue of lack of service of process waived. In so holding, we note that Bolera himself listed the address where Fifth Third Bank sent its complaint by certified mail as his address when filing his various pro se motions. By listing the Butler County address as his own, we find unconvincing Bolera's claim that he did not have any ties to Butler County thereby divesting the trial court jurisdiction over this matter. Therefore, finding Bolera waived any challenge to

a lack of service of process for purposes of appeal, Bolera's first argument is without merit.

{¶ 17} Bolera next argues the trial court erred by denying his motion to dismiss based on improper venue. Venue is an affirmative defense that a defendant may waive. *Clark v. Adult Parole Auth.*, Slip Opinion No. 2017-Ohio-8391, ¶ 11. Similar to his claim regarding lack of service of process, we find Bolera also waived the issue of improper venue. In so holding, we note that Bolera filed his initial answer without ever raising improper venue as an affirmative defense by motion or otherwise. While Bolera later amended his answer to include the affirmative defense, that amendment was not made "as a matter of course" as required by Civ.R. 12(H)(1) and 15(A), but rather, by leave of court. Civ.R. 15(A) allows a party to amend an answer "as a matter of course" within twenty-eight days after it was served, which did not occur here. We further note that Bolera never once requested a change of venue, but instead, proceeded to defend and fully litigate this case on the merits. Under these circumstances, we find Bolera waived the issue of improper venue for purposes of appeal. Therefore, finding Bolera also waived any challenge to improper venue, Bolera's second argument is likewise without merit.

{¶ 18} In light of the foregoing, finding no merit to either of Bolera's claims raised herein, we find no error in the trial court's decision denying Bolera's motion to dismiss. Accordingly, Bolera's first assignment of error is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE TRIAL COURT ERRED IN DENYING BOLERA'S MOTION FOR SUMMARY JUDGMENT.

{¶ 21} Assignment of Error No. 3:

{¶ 22} THE TRIAL COURT ERRED IN GRANTING FIFTH-THIRD'S MOTION FOR SUMMARY JUDGMENT.

{¶ 23} In his second and third assignments of error, Bolera claims the trial court erred

- 6 -

by denying his motion for summary judgment and instead granting summary judgment to Fifth Third Bank.  We disagree.

{¶ 24} Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial.  *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.).  On appeal, a trial court's decision granting summary judgment is reviewed de novo.  *Moody v. Pilot Travel Ctrs., L.L.C.*, 12th Dist. Butler No. CA2011-07-141, 2012-Ohio-1478, ¶ 7, citing *Burgess v. Tackas*, 125 Ohio App.3d 294, 296 (8th Dist.1998).  In applying the de novo standard, the appellate court is required to "'us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'"  *Bravard v. Curran*, 155 Ohio App.3d 713, 2004-Ohio-181, ¶ 9 (12th Dist.), quoting *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997).

{¶ 25} Pursuant to Civ.R. 56, a trial court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party.  *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.).  The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists.  *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).  Once this burden is met, the nonmoving party must then present evidence to show that there is some issue of material fact yet remaining for the trial court to resolve.  *Smedley v. Discount Drug Mart, Inc.*, 190 Ohio App.3d 684, 2010-Ohio-5665, ¶ 11 (12th Dist.).  In determining whether a genuine issue of material fact exists, the evidence must be construed in the nonmoving party's favor.  *Barich v. Scheidler Med. Group L.L.C.*, 12th Dist. Butler No. CA2015-01-004,

2015-Ohio-4446, ¶ 9, citing *Walters v. Middletown Properties Co.*, 12th Dist. Butler No. CA2001-10-249, 2002-Ohio-3730, ¶ 10.

{¶ 26} Just as he attempted to do when litigating this matter before the trial court, Bolera goes to great lengths to confuse this court on what should otherwise be considered a straightforward case involving his failure to pay on a debt he owed to Fifth Third Bank. In fact, as the record clearly indicates, Bolera never once denied that he had failed to make the required payments on the note properly held by Fifth Third Bank. Bolera does not deny that he owes an outstanding principal balance of $98,938.55 plus interest and fees, nor has he presented any claim that he does not owe that money to Fifth Third Bank. Therefore, after a thorough review of the record, including Bolera's various arguments to the contrary, most notably his claim that Fifth Third Bank's complaint is barred by the statutes of limitations from either Florida, Oregon, or Kentucky, we find no error in the trial court's decision granting Fifth Third Bank's motion for summary judgment on its claims brought against Bolera.

{¶ 27} We also find no error in the trial court's decision denying Bolera's motion for summary judgment on his claims brought against Fifth Third Bank. Just as the trial court found, we agree that "[t]he Florida and Oregon matters have no bearing on this case." Our holding is further supported by the fact that Bolera specifically agreed to hold Fifth Third Bank harmless for any and all claims, liabilities, and expenses arising out of his purported claims against Fifth Third Bank. Therefore, finding no merit to any of the claims raised by Bolera challenging the trial court's decision granting Fifth Third Bank's motion for summary judgment, we find no error in the trial court's decision denying Bolera's claims brought against Fifth Third Bank herein. Accordingly, Bolera's second and third assignments of error are without merit and overruled.

{¶ 28} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J, concur.