[Cite as *Third Fed. S. & L. Assn. v. Taylor*, 2017-Ohio-7620.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Third Federal Savings and Loan Association of Cleveland, aka Third Federal Savings and Loan Association, | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 17AP-254 |
| | | (C.P.C. No. 15CV-8112) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| James R. Taylor, III, | : | |
| Defendant-Appellee., | : | |
| [Sylvia Taylor et al., | : | |
| Defendants-Appellants]. | : | |

D E C I S I O N

Rendered on September 14, 2017

**On brief:** *Carlisle, McNellie, Rini, Kramer & Ulrich, Co., LPA*, and *Eric T. Deighton*, for appellee. **Argued:** *Eric T. Deighton.*

**On brief:** *McGeorge Legal Services, LLC*, and *Anthony McGeorge*, for appellants. **Argued:** *Anthony McGeorge.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendants-appellants, Sylvia Taylor, Demetrius D. Faulkner, and Roy Faulkner, appeal a judgment of the Franklin County Court of Common Pleas denying their motion to vacate a judgment of foreclosure. For the following reasons, we affirm that judgment.

{¶ 2}   On September 15, 2015, plaintiff-appellee, Third Federal Savings and Loan Association of Cleveland ("Third Federal"), filed a complaint seeking to foreclose on the property located at 2704 Woodcutter Avenue in Columbus, Ohio.  The complaint named James R. Taylor, III,[1] Sylvia Taylor, and Demetrius D. Faulkner as defendants.  The Franklin County Clerk of Courts attempted to serve the complaint upon Sylvia Taylor and Demetrius D. Faulkner by certified mail.  Those attempts failed because Third Federal did not supply the clerk with an address for either individual.

{¶ 3}   On September 29, 2015, Third Federal filed an amended complaint,[2] which added Roy Faulkner as a defendant.  Pursuant to Third Federal's instructions, the clerk attempted to serve the amended complaint upon Demetrius D. Faulkner and Roy Faulkner by certified mail.  The clerk sent summonses and copies of the amended complaint to Demetrius D. Faulkner and Roy Faulkner at the addresses supplied by Third Federal.  That mail was returned to the clerk marked, "RETURN TO SENDER, ATTEMPTED – NOT KNOWN, UNABLE TO FORWARD, RETURN TO SENDER." (Returned envelope addressed to Demetrius D. Faulkner, filed Oct. 27, 2015; Returned envelope addressed to Roy Faulkner, filed Oct. 20, 2015.)

{¶ 4}   Third Federal then requested that the clerk serve Sylvia Taylor, Demetrius D. Faulkner, and Roy Faulkner by publication.  Third Federal's attorney filed with the court an affidavit stating that he did not know the addresses of the three defendants, and that he could not, with reasonable diligence, ascertain those addresses. Third Federal's attorney also testified in the affidavit regarding the efforts he undertook to find addresses for the three defendants.  Third Federal's attorney first searched Franklin County probate records for an estate opened after the death of Greta L. Taylor, who had executed the note and mortgage at issue in the instant action.  Because Third Federal's attorney found no such estate, he could not obtain the addresses of Greta L. Taylor's heirs, including Sylvia Taylor, Demetrius D. Faulkner, and Roy Faulkner, through examination of probate records.  Third Federal's attorney then employed OPENonline, LLC to search its records to locate addresses for the three defendants.  That search yielded addresses for

---

[1] James R. Taylor, III did not join in the motion to vacate, and he is not an appellant in the instant appeal.

[2] Third Federal denominated its second-filed complaint a supplemental complaint.  However, the second-filed complaint neither meets the definition of a supplemental pleading nor was it filed in compliance with Civ.R. 15(E).  We, therefore, construe the so-called supplemental complaint as an amended complaint.

Demetrius D. Faulkner and Roy Faulkner, but the attempted service at those addresses was unsuccessful.

{¶ 5} On December 14, 2015, the Daily Reporter filed with the clerk an affidavit establishing that it had published notice regarding the instant action on November 30, December 7, and December 14, 2015. Service, therefore, was complete on December 14, 2015. *See* Civ.R. 4.4(A)(1); R.C. 2703.141(A). Neither Sylvia Taylor, Demetrius D. Faulkner, nor Roy Faulkner timely responded to the complaint.

{¶ 6} Due to the lack of timely response by any defendant, Third Federal moved for default judgment on January 15, 2016. The trial court granted that motion and ordered foreclosure in a judgment dated January 29, 2016.

{¶ 7} Almost eight months later, on September 21, 2016, Sylvia Taylor, Demetrius D. Faulkner, and Roy Faulkner moved to vacate the January 29, 2016 judgment. The three defendants argued that Third Federal failed to achieve effective service on them because Third Federal did not search for their addresses with reasonable diligence as required by Civ.R. 4.4(A). According to the three defendants, absent effective service, the trial court lacked personal jurisdiction over them and, consequently, the January 29, 2016 judgment was void.

{¶ 8} In response, Third Federal argued that its efforts to locate defendants, which it had detailed in the earlier-filed affidavit, satisfied its obligation to search for defendants' addresses with reasonable diligence. Because it had acted with reasonable diligence, Third Federal contended that it had achieved valid service on defendants through publication, and thus, the trial court had personal jurisdiction over them. To support its motion, Third Federal provided the trial court with the affidavit of the vice president of OPENonline, who testified that OPENonline uses Lexis Nexis' Accurint database to locate people.

{¶ 9} In a judgment filed March 16, 2016, the trial court denied defendants' motion to vacate. The trial court found that Third Federal's search constituted a reasonably diligent attempt to locate defendants' addresses, and consequently, Third Federal achieved effective service by publication pursuant to Civ.R. 4.4(A).

{¶ 10} Defendants now appeal the March 16, 2016 judgment, and they assign the following error:

> The Trial Court erred when it found that Plaintiff's actions were effective and/or sufficient under Civ.R. 4.4(A) because effective service of process was not made upon Defendants or at least Defendant Sylvia L. Taylor.

{¶ 11} In order to render a valid judgment against a defendant, a trial court must have personal jurisdiction over that defendant. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). A judgment rendered in the absence of personal jurisdiction over the defendant is void. *Chuang Dev. LLC v. Raina*, 10th Dist. No. 15AP-1062, 2017-Ohio-3000, ¶ 28; *During v. Quocio*, 10th Dist. No. 11AP-735, 2012-Ohio-2990, ¶ 16. Ohio courts have inherent authority to vacate a void judgment. *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus. Thus, to attack a judgment on the grounds that it is void due to a lack of personal jurisdiction, a defendant must file a common-law motion to vacate. *Raina* at ¶ 29. Appellate courts review the denial of a common-law motion to vacate under the abuse of discretion standard. *Id.*; *During* at ¶ 16.

{¶ 12} A trial court acquires personal jurisdiction through the completion of proper service of process, by the defendant's voluntary appearance in the case, or by other acts that constitute a waiver of the jurisdiction defense. *Maryhew* at 156. Here, the operative question is whether personal jurisdiction over appellants arose through service by publication pursuant to Civ.R. 4.4(A). Under that rule:

> if the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.

Civ.R. 4.4(A)(1).

{¶ 13} Given the dictates of Civ.R. 4.4(A)(1), a plaintiff must exercise reasonable diligence in its attempt to locate a defendant's residence before it is entitled to service by publication. *Sizemore v. Smith*, 6 Ohio St.3d 330, 331 (1983). A plaintiff exercises reasonable diligence if it "tak[es] steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address." *Id.* at 332; *accord*

*In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, ¶ 25-26 (following *Sizemore*). Such steps may include searching telephone books or government records and contacting a credit bureau or former neighbors. *Thompkins* at ¶ 26; *Sizemore* at 332. However, none of these steps is mandated; what constitutes reasonable diligence will depend on the facts and circumstances of each particular case. *Thompkins* at ¶ 25-26; *Sizemore* at 332.

{¶ 14} Here, the affidavit of Third Federal's attorney stated that he searched for appellants' addresses in Franklin County probate records and in the records of OPENonline. Third Federal's attorney reviewed the probate records because he needed addresses for the heirs of Greta L. Taylor, who had executed the note and mortgage at issue in this case. When the attorney found no estate for Greta L. Taylor, he employed OPENonline to conduct a search, which utilized Lexis Nexis' Accurint database, looking for appellants' addresses.[3]

{¶ 15} The trial court found that Third Federal's efforts constituted a reasonably diligent attempt to locate addresses for appellants. We concur with the trial court that Third Federal took steps that a person of ordinary prudence would take in order to successfully ascertain individuals' addresses. Thus, we see no abuse of discretion in the trial court's finding that Third Federal acted with reasonable diligence.

{¶ 16} In arguing to the contrary, appellants contend that, for Third Federal to have exercised reasonable diligence, it had to search www.google.com for "Sylvia L. Taylor Ohio." Given the quantity, quality, and easy accessibility of information available on the internet, "[t]oday, an individual of ordinary prudence would reasonably be expected to engage in a computer search to locate a defendant's address." *Khatib v. Peters*, 8th Dist. No. 102663, 2015-Ohio-5144, ¶ 21. Here, Third Federal engaged in just such a search when it checked OPENonline's records for appellants' addresses. Third Federal, therefore, performed the same type of inquiry a person of ordinary prudence would reasonably perform to find a person's address. While Third Federal could have expanded its internet search to include the specific query advocated by appellants, the failure to

---

[3] Appellants complain that the affidavit of OPENonline's vice president does not state what actions were taken to locate them. While appellants are correct, they ignore that that information appears in the affidavit of Third Federal's attorney. The attorney testified that he employed OPENonline to find appellants. OPENonline's vice president subsequently testified that OPENonline searches the Lexis Nexis Accurint database when tasked with locating a person.

conduct that query does not mean that Third Federal did not act with reasonable diligence.

{¶ 17} Next, appellants contend that Third Federal should have asked the neighbors of 2704 Woodcutter Avenue for appellants' addresses. Such inquiries may constitute a part of reasonably diligent search, but they are not necessary for a plaintiff to act with reasonable diligence in ascertaining a defendant's address. *Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, at ¶ 26; *Sizemore*, 6 Ohio St.3d at 332. Thus, Third Federal's failure to question the neighbors is not a reason for us to conclude that Third Federal searched without reasonable diligence.

{¶ 18} Finally, at oral argument, appellants' counsel relied on *Fifth Third Bank v. Hatfield*, 10th Dist. No. 03AP-175, 2004-Ohio-755, to argue that Third Federal should have served appellants at the 2704 Woodcutter Avenue address. However, appellants' reliance on *Hatfield* is inapposite. There, this court concluded that the foreclosing bank could not serve the defendants by publication because the bank knew the address of the property it sought to foreclose upon, and the bank asserted that the property was the defendants' primary address. *Id.* at ¶ 19. Given the foreclosing bank's knowledge and assertion, we concluded that the bank's "failure to attempt service at the property render[ed] its assertion that it exerted all reasonable efforts to try to locate [the defendants], at best, inaccurate." *Id.* We thus concluded that service by publication contravened the defendants' due process rights and failed to vest the trial court with personal jurisdiction. *Id.* at ¶ 19-20.

{¶ 19} In this case, although Third Federal knew the 2704 Woodcutter Avenue address, it had no knowledge or indication that any of appellants resided at that address. Third Federal, therefore, had no obligation to serve appellants at that address prior to seeking service by publication.

{¶ 20} In sum, we conclude that the trial court did not abuse its discretion in concluding that Third Federal properly served appellants pursuant to Civ.R. 4.4(A)(1).[4]

---

[4] Neither party addresses the Civ.R. 4.4(A)(1) requirement that service by publication must be authorized by law. For the sake of completeness, we note that Third Federal was authorized to resort to service by publication by R.C. 2703.14(C), which permits such service "[i]n an action to foreclose a mortgage or to enforce a lien or other encumbrance or charge on real property, when * * * [the defendant's] place of residence cannot be ascertained."

The trial court, therefore, did not err in denying appellants' motion to vacate the January 29, 2016 judgment. Accordingly, we overrule appellants' assignment of error.

{¶ 21} For the foregoing reasons, we overrule appellants' sole assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, P.J., and HORTON, J., concur.

_____