[Cite as *Ostendorf v. Darling*, 2021-Ohio-2781.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Megan Ostendorf, | : | |
| Plaintiff-Appellee, | : | No. 20AP-454 |
| | | (M.C. No. 2019CVI-39951) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Stephen Darling, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 12, 2021

**On brief:** *Stephen Darling,* pro se.

**On brief:** *Megan Ostendorf,* pro se. **Argued:** *Megan Ostendorf.*

APPEAL from the Franklin County Municipal Court

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Stephen Darling, appeals from a judgment of the Franklin County Municipal Court, granting default judgment in favor of plaintiff-appellee, Megan Ostendorf. For the following reasons, we reverse and remand.

## I. Facts and Procedural History

{¶ 2} On October 9, 2019, appellee filed her complaint against appellant alleging breach of an oral agreement[1] that appellant would reimburse appellee for charges made on

---

[1] According to the complaint, at the time the oral agreement was entered, appellant was the boyfriend of appellee. (Compl. at 1.)

a certain credit card of appellee upon which appellant was an authorized user. (Compl. at 2.) Appellee seeks $5,999.99 in damages consisting of $5,598.00 in charges plus $401.99 in accrued interest on the credit card. *Id.* at 1. The docket indicates the trial court issued certified mail service of the "Notice and Summons in Action for Money Only" on October 15, 2019 to the address[2] listed on appellee's complaint, setting a hearing for November 14, 2019 before Magistrate Waddy. According to the USPS Tracking information made part of the record, a delivery attempt was made on October 17, 2019 but the delivery was unsuccessful due to "No Authorized Recipient Available." (*See* USPS Tracking at 1.) The docket does not reflect a return of service.[3]

{¶ 3} On November 4, 2019 , appellant filed a motion to quash, requesting that "the return of service (if applicable), the summons, [and] any other document attempted to be served on [appellant] should be quashed and the hearing scheduled for November 14 should be vacated" due to appellee's failure to perfect proper service on appellant. (Mot. to Quash at 2.) Appellant further asserted that "because of the failure of service, this Court has not acquired jurisdiction over [appellant]." *Id.* The record does not indicate any ruling by the court on the motion to quash.

{¶ 4} On November 18, 2019, Magistrate Waddy issued a decision granting default judgment in favor of appellee based on the failure of appellant to appear at the November 14, 2019 hearing. (Nov. 18, 2019 Mag.'s Decision.) The magistrate's decision was adopted by the trial court the same day, and judgment was entered for $5,999.99, plus court costs, and interest at the rate of 5 percent per annum from the date of the entry. (Nov. 18, 2019 Jgmt. Entry.)

{¶ 5} On November 19, 2019, appellant filed an objection to the magistrate's decision wherein he again asserted that service had not been perfected upon him and that the trial court had not acquired jurisdiction over him. (Nov. 19, 2019 Def.'s Obj. to Mag.'s Decision at 1.) On December 16, 2019, the trial court issued an entry granting appellant's

---

[2] The address listed on the complaint is 1184 City Park Ave., Columbus, Ohio, 43206.

[3] Notably, next to Question No. 3 on the form complaint, i.e., "Do you want to waive notice of failed service if certified mail is selected?", appellee entered "Yes."

objection and referring the matter back to the small claims division for further proceedings. (Dec. 16, 2019 Entry Referring Case Back to Small Claims Division.) In the entry, the trial court found that "it appears that [appellant] is correct about him not being served with the Complaint. It appears that there was an improperly filed document that caused the Court to believe service was complete." *Id.* The record does not show that appellee made any further attempt to serve appellant.

{¶ 6} After the matter was referred back to the small claims division, the trial court issued several continuances of hearing on the matter.[4] Eventually, the trial court set the matter for an August 6, 2020 hearing date.

{¶ 7} On August 6, 2020, Magistrate Waddy again issued a decision granting default judgment in favor of appellee, this time based on the failure of appellant to appear at the August 6, 2020 hearing. (Aug. 6, 2020 Mag.'s Decision.) The magistrate's decision was adopted by the trial court the same day, and judgment was entered for $5,999.00, plus court costs, and interest at the rate of 4 percent per annum from the date of the entry. (Aug. 6, 2020 Jgmt. Entry.)

{¶ 8} On August 17, 2020, appellant filed an objection to the magistrate's decision wherein he again asserted that service had not been perfected upon him and that the trial court had not acquired jurisdiction over him; in the alternative, appellant moved to set aside judgment pursuant to Civ.R. 60(B). (Aug. 17, 2020 Def.'s Obj. to Mag.'s Decision at 1.) On September 9, 2020, the trial court issued an entry overruling appellant's objection. (Sep. 9, 2020 Entry.) In the entry, the trial court stated that "in reviewing the record and the case history, the Court does not find the [appellant's] objection well taken and hereby OVERRULES the same. The decision of the magistrate shall stand." *Id.*

{¶ 9} Appellant now appeals from the September 9, 2020 judgment of the Franklin County Municipal Court, asserting the following as his sole assignment of error:

> The Trial Court erred in entering a judgment as service was not conducted in the manner required by Civ. R. 4.1, and that Court did not obtain jurisdiction over Appellant, rendering any Judgment null and void.

---

[4] It appears that one continuance was at the request of appellant (*see* Feb. 27, 2020 Mag.'s Order), and the others were due to the restrictions arising out of the COVID-19 pandemic.

## II. Standard of Review

{¶ 10} In order to render a valid judgment, a trial court must have personal jurisdiction over the defendant. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). If a trial court renders a judgment without first obtaining personal jurisdiction over the defendant, that judgment is void ab initio. *Third Fed. S. & L. Assn. v. Taylor*, 10th Dist. No. 17AP-254, 2017-Ohio-7620, ¶ 11; *Young v. Locke*, 10th Dist. No. 13AP-608, 2014-Ohio-2500, ¶ 21. Whether a trial court has acquired personal jurisdiction over a defendant is a question of law that an appellate court reviews de novo. *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, ¶ 27.

## III. Discussion and Legal Analysis

{¶ 11} The question raised by appellant's sole assignment of error is whether the trial court erred by entering judgment against him without first obtaining personal jurisdiction over him. A trial court lacks personal jurisdiction over a defendant if effective service of process has not been made on the defendant and the defendant has not voluntarily appeared in the case or waived service. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182 (1990), paragraph one of the syllabus; *Bowling v. Grange Mut. Cas. Co.*, 10th Dist. No. 05AP-51, 2005-Ohio-5924, ¶ 27. The Supreme Court of Ohio has previously held that "[i]naction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service." *Maryhew*, 11 Ohio St.3d at 157. Under the Civil Rules, "[t]he obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation." *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 16, citing *Maryhew* at 159. Indeed, even active participation in a civil case does not constitute a waiver of the affirmative defense of insufficient service of the complaint when a defendant has properly raised and preserved the defense. *Gliozzo*, 2007-Ohio-3762, at ¶ 18.

{¶ 12} In this case, there is no doubt that service of the summons and complaint was not properly made on defendant pursuant to Civ.R. 4. The record shows that certified mail was issued to 1184 City Park Ave., Columbus, Ohio, 43206, the address listed on the

complaint, but service was unsuccessful due to "No Authorized Recipient Available." (*See* USPS Tracking at 1.)   Furthermore, the docket does not reflect a return of service. Therefore, unless appellant has otherwise waived the affirmative defense of insufficiency of process, the trial court lacked personal jurisdiction over him, rendering any judgment against him void ab initio.

{¶ 13} Civ.R. 12(B) addresses how defenses are to be asserted as follows:

> Every defense * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (4) insufficiency of process.

{¶ 14} Civ.R. 12 (G) provides that:

> A party who makes a motion under this rule must join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule.

{¶ 15} Under Civ.R. 12(H)(1):

> A defense of * * * insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

{¶ 16} Therefore, the defense of insufficiency of service of process can be waived in one of two ways: (1) if a motion is made raising other Civ.R. 12(B) defenses and it is not included in that motion or, (2) if there is no such motion, if it is not raised by separate motion or included in the responsive pleading.  *Gliozzo*, 2007-Ohio-3762, at ¶ 9.

{¶ 17} Here, appellant first responded to the complaint on November 4, 2019 when he filed his motion to quash.  In it he clearly asserted that he had not been served with the complaint.  Thus, appellant raised the defense of insufficiency of service of process by his

November 4, 2019 motion. Although the trial court proceeded to a hearing on November 14, 2019 without ruling on defendant's motion, the fact remains that defendant asserted the defense in a motion as required by Civ.R. 12. Appellant subsequently re-asserted the defense in his November 19, 2019 objection to the magistrate's decision issued on November 18, 2019 wherein default judgment was granted in favor of appellee. And, appellant *again* re-asserted the defense in his August 17, 2020 objection to the magistrate's decision issued on August 6, 2020. Based on the foregoing, we find that appellant was not properly served with the complaint; that he consistently and continuously asserted the affirmative defense of insufficiency of service of process; and that he never waived the defense.

{¶ 18} Appellee contends, in essence, that appellant waived the defense due his participation in the matter. She points out, for example, that appellant was aware of the complaint being filed; he contacted the court about the case on several occasions; and he participated in a mediation meeting in an attempt to settle the matter. We interpret appellee's argument to be that appellant voluntarily submitted himself to the jurisdiction of the court by his knowledge of and participation in the litigation. We do not agree.

{¶ 19} As noted previously, the Supreme Court has held "[w]hen the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense." *Gliozzo*, 2007-Ohio-3762, at ¶ 18. This is true even though the case has been tried to conclusion without a determination of whether service was properly perfected. *Blount v. Schindler Elevator Corp.*, 10th Dist. No. 02AP-688, 2003-Ohio-2053, ¶ 27, citing *Bell v. Midwestern Educational Serv., Inc.*, 89 Ohio App.3d 193, 203-04 (2d Dist.1993). Where service of process is not made in accordance with the Rules of Civil Procedure, the trial court lacks jurisdiction to consider the complaint, and any judgment on that complaint is void ab initio. *See Third Fed. S. & L. Assn*, 2017-Ohio-7620, at ¶ 11; *Young*, 2014-Ohio-2500, at ¶ 21. We are cognizant of the fact that appellant was well aware of the litigation. Indeed, we agree with appellee that appellant actively participated in the litigation, as is

readily evinced by the record. Yet, despite the apparent inequity of the circumstances, we are nonetheless constrained by the authority set forth in *Gliozzo*.

{¶ 20} Here, the record is clear that appellant properly raised and preserved the affirmative defense of insufficiency of process on multiple occasions. Therefore, despite appellant's participation in the litigation he did not waive the defense of insufficiency of service of process, and appellee's failure to perfect service upon appellant deprived the trial court of jurisdiction over appellant and prevented a valid judgment in favor of appellee. Appellant's sole assignment of error is sustained.

## IV. Conclusion

{¶ 21} Having sustained appellant's sole assignment of error, we reverse the judgment of the Franklin County Municipal Court and remand this matter for further proceedings consistent with this decision.

*Judgment reversed;*
*cause remanded for further proceedings.*

BROWN and MENTEL, JJ., concur.