[Cite as *Shannon Village Homeowners Assn. v. Miller*, 2023-Ohio-1449.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Shannon Village Homeowners Association, :

      Plaintiff-Appellee,      :

v.                             :           No. 22AP-168

                                      (C.P.C. No. 20CV-6907)

Nicole A. Miller,              :

                                       (REGULAR CALENDAR)

      Defendant-Appellant,    :

Jane Doe, Unknown Spouse, if any,  :
of Nicole A. Miller et al.,

                                  :

      Defendants-Appellees.    :

                                  :

---

D E C I S I O N

Rendered on May 2, 2023

---

**On brief:** *Williams & Strohm, LLC*, and *Brad J. Terman*, for appellee Shannon Village Homeowners Association. **Argued:** *Brad J. Terman.*

**On brief:** *Cox Law Office, LLC*, and *Michael T. Cox*, for appellant. **Argued:** *Michael T. Cox.*

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Nicole A. Miller, appeals the February 14, 2022 final judgment entry in foreclosure of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Shannon Village Homeowners Association ("the Association"), on its claims for judgment against Miller and for foreclosure on a lien placed on 5311 Shannon Park Drive, Dublin, Ohio 43017 ("the property"). For the following reasons, we conclude the trial court lacked personal

jurisdiction over Miller and erred by denying Miller's motion to dismiss the claims against her.

## I. Facts and Procedural History

{¶ 2} Miller purchased the property, which is located in the Shannon Village subdivision ("Shannon Village"), on May 5, 2016. The Association is the owners' association for properties in Shannon Village. Pursuant to its articles of incorporation, the Association is authorized to determine an annual assessment chargeable to each lot to fund common expenses for Shannon Village, and to collect that assessment in monthly installments. The Association claims Miller failed to pay assessments imposed on the property.

{¶ 3} On March 14, 2017, the Association recorded a lien against the property for the delinquent assessments. On October 22, 2020, the Association filed a complaint against Miller seeking a monetary judgment for unpaid assessments, foreclosure on the Association's lien, and sale of the property to satisfy the judgment.[1] The docket reflects the Franklin County Clerk of Courts ("clerk") attempted service of the complaint on Miller via certified mail addressed to the property on October 26, 2020. The certified mail issued to Miller at the property was returned as unclaimed and unable to forward on December 31, 2020.[2]

{¶ 4} On December 3, 2020, counsel for Miller filed a consent entry whereby the parties agreed that Miller's answer to the complaint would be filed on or before December 31, 2020 ("the consent entry"). Subsequently, on December 31, 2020, Miller filed an answer asserting numerous affirmative defenses, including failure of service,[3] as

---

[1] The complaint also named as defendants the "unknown spouse" of Miller, Huntington National Bank, Mortgage Electronic Registration Systems, the Ohio Department of Taxation, and the Franklin County Treasurer. The record contains return receipts indicating successful service of the complaint by certified mail on Huntington National Bank, Mortgage Electronic Registration Systems, Ohio Department of Taxation, and the Franklin County Treasurer.

[2] The record further reflects that certified mail issued to Miller's "unknown spouse" at the property address was returned unclaimed on January 12 and March 2, 2021.

[3] We construe "failure of service" in the context of this case as an assertion of the affirmative defenses of insufficiency of service of process and lack of jurisdiction over the person. *See* Civ.R. 12(B)(2) and (5). Failure of service or insufficiency of service of process may result in lack of personal jurisdiction. Therefore, we will use these terms interchangeably.

well as counterclaims for slander of title and fraud. The Association moved to dismiss Miller's counterclaims, asserting the counterclaim for slander of title was barred by a one-year statute of limitations and that the counterclaim for fraud was not pled with particularity. Miller filed a memorandum contra arguing the fraud claim had been pled with particularity and requesting leave to amend if the trial court found it was not. The trial court granted the Association's motion to dismiss in part and dismissed Miller's slander of title counterclaim as time barred. The trial court concluded the fraud counterclaim had not been pled with particularity but granted Miller's request for leave to file an amended counterclaim. After Miller filed an amended counterclaim alleging fraud, the Association moved for summary judgment on its claims and Miller's counterclaim.[4] Miller also moved for summary judgment in her favor on the Association's claims. In an October 19, 2021 decision and entry, the trial court granted summary judgment in favor of the Association on its claims and on Miller's counterclaim.

{¶ 5} Three days after the trial court's summary judgment decision, Miller filed a notice of failure of service, asserting that service had never been completed on her based on the returned unclaimed service from December 31, 2020. On December 17, 2021, Miller moved to dismiss for failure of service asserting she had not been served as required under the civil rules and that she had not waived the defense of insufficiency of service. The Association filed a memorandum contra asserting Miller waived service and voluntarily submitted to the trial court's jurisdiction by filing the consent entry, by filing counterclaims against the Association, and by moving for summary judgment in her favor on the Association's claims. On January 28, 2022, the trial court denied Miller's motion to dismiss, concluding she had invoked the court's jurisdiction by filing counterclaims against the Association and thereby waived the defense of lack of personal jurisdiction. The court ordered the Association to submit a proposed entry in accordance with the court's October 19, 2021 decision and entry. On February 14, 2022,[5] the trial court issued a final

---

[4] The Association also moved for default judgment against Huntington, alleging Huntington was served with the complaint and failed to answer or otherwise appear in the action within the time permitted. The trial court granted the Association's motion for default judgment, finding Huntington had been properly served by certified mail and had failed to answer or otherwise appear in the case.

[5] In this judgment entry, the trial court also dismissed claims against the "unknown spouse" of Miller, noting the multiple attempts at failed service indicated that such a spouse did not exist.

judgment entry finding the Association had a valid lien on the property and that Miller owed $7,744 to the Association, including assessments, maintenance fees, and attorney fees. The trial court ordered the sale of the property to satisfy the Association's lien and other claims on the property.[6]

## II. Assignments of Error

{¶ 6} Miller appeals and assigns the following three assignments of error for our review:

> [I.] THE TRIAL COURT ERRORED IN CONCLUDING THAT DEFENDANT WAIVED SERVICE AND WAS SUBJECT TO THE COURT'S PERSONAL JURISDICTION.
>
> [II.] THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANT LEAVE TO AMEND HER ANSWER TO PLEAD FAILURE OF A CONDITION PRECEDENT WITH SPECIFICITY AND IN GRANTING SUMMARY JUDGMENT WHEN PLAINTIFF OFFERED NO EVIDENCE OF COMPLIANCE WITH CONDITIONS PRECEDENT.
>
> [III.] IS AN AWARD OF ATTORNEY'S FEES REASONABLE WHEN CONDITIONS PRECEDENT HAVE NOT BEEN SATISFIED AND SERVICE WAS NEVER OBTAINED AND THEREFORE THE CASE WAS NEVER COMMENCED?

## III. Standard of Review

{¶ 7} The trial court granted summary judgment in favor of the Association on its claims against Miller. We review a grant of summary judgment under the de novo standard, conducting an independent review of the record and affording no deference to the trial court's decision. *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 6. "Summary judgment is appropriate where 'the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for

---

[6] Consistent with its October 19, 2021 decision, the trial court entered default judgment against Huntington. The trial court dismissed the claims against Miller's "unknown spouse," finding that multiple failed attempts at service indicated that such a spouse did not exist.

summary judgment is made.' " *Id.*, quoting *Capella III*, *L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.).

## IV. Analysis

### A.  Whether the trial court erred by denying Miller's motion to dismiss

{¶ 8}   Miller argues in her first assignment of error the trial court erred by denying her motion to dismiss for lack of personal jurisdiction.  In denying that motion, the trial court concluded Miller did not waive the defense of insufficient service by filing the consent entry without asserting the defense.  However, the court further concluded that Miller's "counterclaims for slander of title and fraud brought before the Court additional issues not contained in [the Association's] complaint for foreclosure" and that "[b]y filing [those] counterclaims, Miller invoked the jurisdiction of the Court, and waived the defense of lack of personal jurisdiction." (Jan. 28, 2022 Decision & Entry at 5.)

{¶ 9}   We review a trial court's decision whether to exercise personal jurisdiction de novo. *Williams v. Gray Guy Group*, *L.L.C.*, 10th Dist. No. 16AP-321, 2016-Ohio-8499, ¶ 18. Therefore, we independently review the conclusions supporting the trial court's denial of Miller's motion to dismiss.

### 1. Acquisition of personal jurisdiction in a civil case

{¶ 10} Judgment rendered by a court that has not acquired personal jurisdiction over the named defendant is void, and not merely voidable.  *Mun. Tax Invest.*, *L.L.C. v. Pate*, 10th Dist. No. 16AP-218, 2016-Ohio-7791, ¶ 9.  "There are three methods for a court to acquire personal jurisdiction over a defendant: (1) proper service of process, (2) the defendant's voluntary appearance and submission to the court's jurisdiction, and (3) acts by the defendant or the defendant's counsel that involuntarily subject the defendant to the court's jurisdiction." *Columbus*, *Div. of Income Tax v. Yockey*, 10th Dist. No. 19AP-559, 2020-Ohio-3290, ¶ 14.  Proper service of process is a prerequisite for personal jurisdiction. *Williams* at ¶ 18.  In the absence of service of process or a waiver of service by the defendant, a court usually cannot exercise power over a named defendant.  *Id.*, citing *Murphy Bros.*, *Inc. v. Michetti Pipe Stringing*, *Inc.*, 526 U.S. 344, 350 (1999).

{¶ 11}  "If a plaintiff follows the civil rules governing service of process, a rebuttable presumption of proper service arises." *Erin Capital Mgt. L.L.C. v. Fournier*, 10th Dist. No. 11AP-483, 2012-Ohio-939, ¶ 18.  However, a defendant can rebut this presumption of

proper service using sufficient evidence that service failed. *Id*. at ¶ 19. If service does not comply with the requirements of due process, the service fails. *Williams* at ¶ 21, citing *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403 (1980), syllabus.

{¶ 12} Under Civ.R. 3(A), a civil action is commenced by filing a complaint with the court if service is obtained within one year from the filing on a named defendant. "Upon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption. Upon request of the plaintiff separate or additional summons shall issue at any time against any defendant." Civ.R. 4(A). "Absent a waiver of service, a party must be served with the summons and complaint pursuant to the methods set forth in Civ.R. 4.1 through 4.6."[7] *Austin v. White Castle Sys., Inc.*, 10th Dist. No. 12AP-1029, 2013-Ohio-5107, ¶ 5. Pursuant to Civ.R. 4.1, the clerk can perfect service of the complaint and summons using certified mail; additionally, a plaintiff may request personal or residential service. *Wells Fargo Bank, N.A. v. Sekulovski*, 10th Dist. No. 11AP-795, 2012-Ohio-5973, ¶ 5.

{¶ 13} In this case, there is no doubt that service of the complaint was not properly made on Miller. The record shows that the certified mail issued to the property was returned unclaimed. There is no indication the Association requested ordinary mail service, pursuant to Civ.R. 4.6(D), after the certified mail was unsuccessful. Accordingly, unless Miller otherwise waived the affirmative defense of insufficiency of service, the trial court lacked jurisdiction over her, rendering any judgment against her void ab initio. *Ostendorf v. Darling*, 10th Dist. No. 20AP-454, 2021-Ohio-2781, ¶ 11.

**2. Assertion of affirmative defenses**

{¶ 14} The affirmative defenses of lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process must be asserted pursuant to the methods outlined in Civ.R. 12(B), either: (1) in the responsive pleading (answer); or, at the option of the pleader, (2) by motion. *See Ostendorf* at ¶ 13-17. Civ.R. 12(H)(1) provides: "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the

---

[7] Under Civ.R. 4.7(A), a plaintiff may request that a defendant waive service of summons, but Civ.R. 4.7(F) provides that a defendant does not waive any objection to jurisdiction or venue by waiving service of the summons. There is no indication in the record in this case that the Association requested Miller waive service of the summons.

circumstances described in subdivision (G),[8] or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course." By timely asserting the defense of lack of personal jurisdiction, a defendant may preserve the right to contest insufficiency of service of process. *Sekulovski* at ¶ 11.

### 3. *Gliozzo* and whether active participation waives affirmative defenses

{¶ 15} Miller primarily relies on the Supreme Court of Ohio's holding that "[w]hen the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense." *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 18.

{¶ 16} In *Gliozzo*, the trial court granted a motion to dismiss a medical malpractice action based on insufficiency of service, but the Eighth District Court of Appeals reversed, finding the defendants had actively participated in the case and submitted to the trial court's jurisdiction. *Gliozzo* at ¶ 5. On appeal, the Supreme Court found that because the defendants had properly asserted the failure of service defense in their first responsive pleading, their subsequent participation in the litigation did not waive their defense of insufficiency of service. *Id*. at ¶ 10-11.

{¶ 17} Citing *Gliozzo*, Miller argues she did not waive the defenses of insufficiency of service or lack of personal jurisdiction by actively participating in the case. Miller asserts she properly raised and preserved those affirmative defenses in her answer. Miller further argues that seeking affirmative relief by filing counterclaims against the Association did not waive those defenses and voluntarily subject her to the court's jurisdiction.

{¶ 18} The Association argues Miller's reliance on *Gliozzo* is misplaced and asserts that decision is not dispositive of the issue before this court. The Association argues that although the court in *Gliozzo* held that active participation does not amount to waiver, *Gliozzo* did not address whether seeking affirmative relief by filing a counterclaim amounts

---

[8] Civ.R. 12(G) provides as follows: "A party who makes a motion under this rule must join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule."

to waiver. Additionally, the Association asserts Miller did not properly raise and did not properly preserve the defense of insufficient service because she failed to raise an objection in her first appearance in court—i.e., when she filed the consent entry.

**4. Whether Miller preserved affirmative defenses**

{¶ 19} We begin by considering whether Miller properly raised and preserved the defenses of insufficiency of service and lack of personal jurisdiction. The Association argues that by not raising the defenses in the consent entry, Miller failed to properly raise and preserve the defenses. In support of this argument, the Association cites *Sekulovski*, in which this court held that "[g]enerally, a plaintiff's failure to perfect service of its original complaint is waived when the defendant appears ' "for any other purpose than to object to jurisdiction." ' " *Sekulovski* at ¶ 10, quoting *St. Anthony the Great Romanian Orthodox Monastery, Inc. v. Somlea*, 8th Dist. No. 97955, 2012-Ohio-4162, ¶ 16, quoting *Slomovitz v. Slomovitz*, 8th Dist. No. 94499, 2010-Ohio-4361, ¶ 9.

{¶ 20} *Sekulovski* involved a foreclosure action filed against husband and wife co-defendants. *Id*. at ¶ 2. The record indicated that a process server personally served the summons and complaint on the wife and gave her the husband's copy of the summons and complaint at the same time. *Id*. Both defendants moved for an extension of time to move or plead in response to the complaint. After the extension was granted, both defendants filed an answer admitting they were in default on the note and that the mortgage was valid, but disputing the amount owed on the note. *Id*. at ¶ 3. The defendants also asserted lack of personal jurisdiction in their answer. *Id*. at ¶ 11. The trial court eventually granted summary judgment against both defendants, who subsequently moved for relief from judgment asserting they were not served with the complaint. *Id*. at ¶ 4. The trial court denied the motion for relief from judgment.

{¶ 21} On appeal, this court affirmed, concluding the husband waived service of process by filing the motion for extension of time without mentioning failure of service. *Id*. at ¶ 12. Beyond merely failing to mention lack of service, however, the court found it "[e]qually as significant" that in the memorandum in support of the motion for extension of time, the defendants stated they were served with the complaint by a process server. *Id*. at ¶ 13. The court further noted that in a motion for leave to file an answer instanter, the

defendants again admitted they had been served with the complaint by a process server. *Id.*

{¶ 22} We find *Sekulovski* to be factually distinguishable from the present case. Here there is no evidence in the record that Miller was ever served, whereas in *Sekulovski* the record reflected that one of the spouse defendants was personally served. Additionally, the defendants in *Sekulovski* expressly admitted to service in two different filings with the trial court; there has been no similar admission in the present case. Finally, we note that the *Sekulovski* decision did not discuss *Gliozzo* in addressing how affirmative defenses could be waived. Thus, the result in *Sekulovski* does not dictate a similar finding of waiver in the present case.

{¶ 23} The facts here are more analogous to *Gliozzo*, because in that case the parties filed a stipulated motion permitting an answer to be filed by a specified date. *Gliozzo* at ¶ 3. Similar to the consent entry in this case, there is no indication that the *Gliozzo* defendants asserted insufficiency of service in the stipulated motion. Instead, like Miller in this case, the *Gliozzo* defendants first raised insufficiency of service in their answer, which was filed *after* the stipulated motion. The *Gliozzo* decision ultimately concluded that "parties who assert an affirmative defense of insufficiency of process in their first *responsive pleading* do not waive that defense by actively participating in litigation of the case." (Emphasis added.) *Id.* at ¶ 6. Thus, the *Gliozzo* majority implicitly concluded the stipulated motion providing an extension of time to answer filed in that case was not a responsive pleading and, therefore, failing to raise the defense of insufficiency of service in that stipulated motion did not waive the defense. Similarly, in this case, we conclude Miller did not waive the defenses of insufficiency of service or lack of personal jurisdiction by failing to assert them in the consent entry.

{¶ 24} In this case, Miller asserted "[f]ailure of service" in her answer, which was the first responsive pleading she filed. Therefore, because Miller properly raised and preserved her affirmative defenses by asserting them in her first responsive pleading, she did not waive those defenses by failing to assert them in the consent entry. (Answer & Counterclaim at 2.)

**5. Whether Miller waived affirmative defenses by filing counterclaims**

{¶ 25} We must also consider whether Miller waived her affirmative defenses and voluntarily invoked the trial court's jurisdiction by filing counterclaims against the Association.[9] The trial court concluded that because Miller's counterclaims "brought before the Court additional issues not contained in [the Association's] complaint for foreclosure" she had invoked the court's jurisdiction and waived the defense of insufficiency of service. (Jan. 28, 2022 Decision & Entry at 5.) The Association argues the trial court was correct, asserting that seeking affirmative relief is more than mere active participation and that Miller independently invoked the court's jurisdiction by raising counterclaims involving new issues not contained in the complaint. We disagree with the trial court's conclusion and find the Association's argument not well-taken for several reasons.

{¶ 26} As noted above, *Gliozzo* held that "when the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in litigation of a case does not constitute waiver of that defense." *Gliozzo* at ¶ 11. However, the filing of counterclaims and an amended counterclaim creates a more novel issue of law as to whether those filings constituted a waiver of the defense of insufficiency of process. Neither Miller nor the Association presented dispositive case law regarding this issue.[10] In support of its argument that Miller waived the defense by seeking affirmative relief, the Association cites *Clow Water Sys. Co. v. Guiliani Assocs., Inc.*, 5th Dist. No. 99-CA-008 (Aug. 18, 1999), and *Natl. City Commercial Capital Corp. v. Page*, 12th Dist. No. CA2005-09-381, 2009-Ohio-1161. However, we do not find either of those

[9] The Association also argues Miller waived service and consented to jurisdiction when she moved for summary judgment in her favor. In support, the Association cites *84 Lumber Co., L.P. v. Houser*, 188 Ohio App.3d 581, 2010-Ohio-3683 (11th Dist.). *Houser* held that because the defendant "specifically requested the trial court consider the merits of the underlying action against him [by filing a motion for summary judgment]," he thereby "waived personal jurisdiction in [the] matter by actively participating in the case." *Houser* at ¶ 19. *Houser* is an Eleventh District case and therefore not binding on this court. Furthermore, we do not find it to be persuasive as it does not address *Gliozzo*. The *Houser* decision's holding that actively participating in a case can waive personal jurisdiction appears to conflict with the holding in *Gliozzo* that "active participation in the litigation of a case does not constitute waiver of that defense." *Gliozzo* at syllabus. Nevertheless, it is not necessary for us to consider the Association's argument in this regard because the trial court struck Miller's motion for summary judgment.

[10] The Association urges us to find persuasive various decisions from other states holding that a party waives objections and submits to the jurisdiction of a court by seeking affirmative relief. However, in light of the *Gliozzo* decision's broad declaration that active participation in litigation does not waive the defense of insufficiency of service when it is otherwise properly raised and preserved, we do not find any of the out of state cases cited by the Association to be persuasive.

decisions to be persuasive because they both involved claims against out of state defendants, which required analysis of contractual forum-selection clauses and personal jurisdiction under the "long-arm" statute. In *Clow Water Sys.*, which was decided before *Gliozzo*, the Fifth District Court of Appeals stated that "[a]ctive litigation of the action constitutes a waiver of the defense of lack of personal jurisdiction." That is directly contrary to the Supreme Court's later declaration in *Gliozzo* that "active participation in the litigation of a case does not constitute waiver" of the defense of insufficiency of service of process when it has been properly raised and preserved. *Gliozzo* at ¶ 18. In *Page*, the defendant filed a counterclaim seeking declaratory judgment that the lease agreement forming the basis for the plaintiff's claims was void and unenforceable. *Page* at ¶ 16. The *Page* decision declared that this counterclaim presented an "additional consideration," but concluded the nature of the counterclaim made the filing "less problematic" and ultimately held that the defendant had not actively litigated the case and had preserved the defense of lack of personal jurisdiction by asserting it in his answer. *Id.* at ¶ 17. The Association appears to suggest Miller waived personal jurisdiction in the present case because her counterclaims were broader in scope than the counterclaim in *Page*, but we are unpersuaded that this conclusion necessarily follows from the Twelfth District's reasoning in *Page*.

{¶ 27} The Association also cites *Fifth Third Mtge. Co. v. Hendershott*, 6th Dist. No. WD-14-002 (Mar. 31, 2016), which concluded that a defendant in a foreclosure case waived the defense of lack of personal jurisdiction by filing a counterclaim and third-party complaint. The trial court found the facts in the present case to be analogous to those in *Hendershott*. However, *Hendershott* is unpersuasive for several reasons. First, the Sixth District itself limited the precedential value of *Hendershott* by declaring that the judgment entry was not an opinion of the court. Second, the record in *Hendershott* reflected the defendant had been served by publication following unsuccessful attempts at service through ordinary and certified mail; in the present case there were no attempts to serve Miller by ordinary mail or by publication. Third, although *Hendershott* was decided after *Gliozzo*, the Sixth District Court of Appeals did not cite or discuss that decision, instead relying on *Clow Water Sys.*, which was decided before *Gliozzo*.

{¶ 28} Although there was no counterclaim filed in *Gliozzo*, the Supreme Court's reasoning in that decision supports a conclusion that Miller's filing of counterclaims in this

case did not waive her affirmative defenses, even if filing counterclaims constitutes more than mere active participation as the Association argues. The *Gliozzo* decision focused on Civ.R. 12(H)(1) as setting forth the methods by which certain affirmative defenses, including insufficiency of service, could be waived—i.e., by omitting the defense from a Civ.R. 12(B) motion or failing to assert the defense in a Civ.R. 12(B) motion or responsive pleading. *Gliozzo* at ¶ 8.

{¶ 29} *Gliozzo* noted that "Civ.R. 12(H)(1) does not include a party's participation in the case as a method of waiver." *Id*. at ¶ 11. The court conceded that "a party who voluntarily submits to the court's jurisdiction may waive available defenses, such as insufficiency of service of process or lack of personal jurisdiction." *Id*. at ¶ 13. The court further reasoned, however, that "[t]he *only* way in which a party can voluntarily submit to a court's jurisdiction * * * is by failing to raise the defense of insufficiency of service of process in a responsive pleading or by filing certain motions before any pleading." (Emphasis added.) *Id*. Consistent with the Supreme Court's declaration that these are the *only* ways for a defendant to submit to the court's jurisdiction, we conclude that Miller's filing of counterclaims in this case did not waive her affirmative defenses.[11] We previously applied *Gliozzo* in a similar manner in *Carter v. St. Ann's Hosp*., 10th Dist. No. 11AP-715, 2012-Ohio-1662, where this court affirmed a dismissal for lack of personal jurisdiction due to failure of service despite the fact that the defendant had filed a motion "seeking affirmative relief from the court as to the lawsuit." *Carter* at ¶ 23.

{¶ 30} We conclude the trial court erred in holding that Miller waived the defenses of insufficiency of service and lack of personal jurisdiction and invoked the trial court's jurisdiction by filing a counterclaim, when she asserted and preserved those defenses in her answer. Accordingly, we sustain the first assignment of error.

## B. Whether the trial court erred by denying Miller's motion to amend her answer and by awarding attorney fees to the Association

{¶ 31} Miller asserts in her second and third assignments of error that the trial court erred by denying her motion to amend her answer and by awarding attorney fees to the

---

[11] This court reached a similar conclusion prior to *Gliozzo* in *Evans v. Ellis*, 10th Dist. No. 86AP-975 (July 9, 1987), holding that "Civ.R. 12(B) clearly allows for the filing of a counterclaim while preserving a jurisdictional challenge asserted in an answer."

Association. Having concluded that the trial court erred by denying Miller's motion to dismiss the claims against her, these assignments of error are rendered moot.

## V. Conclusion

{¶ 32} For the aforementioned reasons, we sustain Miller's first assignment of error and her second and third assignments of error are rendered moot. We therefore reverse in part the Franklin County Court of Common Pleas' February 14, 2022 entry of default judgment and final judgment entry in foreclosure to the extent it entered final judgment against Miller, and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment affirmed in part;*
*reversed in part; and cause remanded.*

BEATTY BLUNT, P.J., and MENTEL, J., concur.

————————————